**McGuireWoods LLP**
Sabrina A. Beldner (SBN 221918)
Email:  sbeldner@mcguirewoods.com
Andrew W. Russell (SBN 280669)
Email: arussell@mcguirewoods.com
Natalie M. Lagunas (SBN 318634)
Email:  nlagunas@mcguirewoods.com
Sarah Y. Oh (SBN 322164)
Email:  soh@mcguirewoods.com
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
Telephone:  (310) 315-8200
Facsimile:  (310) 315-8210

Attorneys for Defendant
PERFORMANCE FOOD GROUP, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS RODRIGUEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>PERFORMANCE FOOD GROUP, INC., a Colorado corporation; and DOES 1-50, Inclusive,<br><br>            Defendants. | CASE NO.<br><br>[Alameda Superior Court Case No. 22CV017191]<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>Complaint Filed:        9/01/2022<br>Complaint Served:     9/07/2022 |

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

2  **DISTRICT OF CALIFORNIA:**

3      PLEASE TAKE NOTICE that Defendant PERFORMANCE FOOD GROUP, INC.

4  ("Defendant") by and through its undersigned counsel, hereby removes the above-captioned action

5  from the Superior Court of the State of California in and for the County of Alameda, to this Court on

6  the grounds that this Court has original jurisdiction over this action pursuant to the Class Action

7  Fairness Act, 28 U.S.C. § 1332(d)(2) ("CAFA"), and all other applicable bases for removal.  In

8  support of its Notice of Removal, and in accordance with 28 U.S.C. § 1446, Defendant avers as

9  follows:

10                    **I.      PLEADINGS AND PROCESS**

11      1.      On September 1, 2022, Plaintiff MARCOS RODRIGUEZ ("Plaintiff") filed a Class

12  Action Complaint (the "Complaint") in the Superior Court of the State of California in and for the

13  County of Alameda, entitled *MARCOS RODRIGUEZ, an individual, on behalf of himself and on*

14  *behalf of all persons similarly situated, vs. PERFORMANCE FOOD GROUP, INC., a Colorado*

15  *corporation; and DOES 1-50, inclusive*, Case No. 22CV2017191 (the "State Court Action"), a true

16  and correct copy of which is attached hereto as **Exhibit A**.

17      2.      Plaintiff's Complaint asserts seven (7) purported causes of action for: (1) Unfair

18  Competition in Violation of Cal. Bus. & Prof. Code § 17200 *et seq*; (2) Failure to Pay Minimum

19  Wages in Violation of Cal. Lab. Code §§ 1194, 1197 & 1197.1; (3) Failure to Pay Overtime Wages

20  in Violation of Cal. Lab. Code §§ 510 *et seq*; (4) Failure to Provide Required Meal Periods in

21  Violation of Cal. Lab. Code §§ 226.7 & 512 and the Applicable IWC Wage Order; (5) Failure to

22  Provide Required Rest Periods in Violation of Cal. Lab. Code §§ 226.7 & 512 and the Applicable

23  IWC Wage Order; (6) Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab.

24  Code § 226; and (7) Failure to Reimburse Employees for Required Expenses in Violation of Cal. Lab.

25  Code § 2802. *See id.*, ¶¶ 51-111.

26      3.      On September 7, 2022, Defendant's registered agent for service of process was

27  personally served with copies of the Summons and Complaint.  True and correct copies of the

28  Summons, Complaint, and every other process, pleading, and order served on the Defendant in this

action to date are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---------|----------|
| **A** | Complaint |
| **B** | Summons |
| **C** | Civil Case Cover Sheet |
| **D** | Notice of Case Management Conference |

4.      Defendant is informed and believes that the following additional documents are also on file in the State Court Action, which are attached hereto as the Exhibits identified below:

| Exhibit | Document |
|---------|----------|
| **E** | Notice of Hearing |
| **F** | Proof of Service by Substituted Service |

5.      On October 5, 2022, Defendant filed an Answer to Plaintiff's Complaint in the State Court Action, a true and correct copy of which is attached hereto as **Exhibit G**.

6.      Defendant is informed and believes that the aforementioned documents and exhibits constitute all of the process, pleadings, and orders on file in the State Court Action.

7.      Defendant is informed and believes that it is the only defendant that has been properly served with process in the State Court Action.  Defendants Does 1 through 50 have yet to be identified and are therefore disregarded for purposes of this removal.  28 U.S.C. § 1441(a).

## II.    TIMELINESS OF REMOVAL

8.      This action has not previously been removed to federal court.

9.      This Notice of Removal is timely under CAFA and pursuant to 28 U.S.C. § 1446(b), which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based."   Defendant has filed this Notice of Removal within 30 days of September 7, 2022, the date on which Plaintiff served Defendant's agent for service of process with the Complaint.   Thus, this action is being removed within 30 days of the first date upon which Defendant was served, through service or otherwise, with any paper giving it knowledge that the action was indeed removable.

### III.    REMOVAL JURISDICTION – CAFA JURISDICTION

10.    Defendant avers that this Court has original subject matter jurisdiction over this action pursuant to CAFA, 28 U.S.C. § 1332(d)(2).   Under CAFA, this Court has jurisdiction over class actions where any member of the class is a citizen of a state different from any defendant, and where the aggregate amount in controversy exceeds the sum of $5 million, exclusive of interest and costs, and the number of members of all proposed plaintiff classes in the aggregate is at least 100 class members.  28 U.S.C. § 1332(d)(2)-(6).  CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

11.    There is no presumption against removal under CAFA.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014) ("Dart Cherokee") ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court").  To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'"  *Id*. at 554, quoting S. Rep. No. 109-14, p. 43 (2005).

12.    This Court has jurisdiction over this case under CAFA, and this action is one which may be removed to this Court by Defendant because: (1) the number of members of all proposed plaintiff classes in the aggregate is more than 100 class members; (2) there is diversity of citizenship between Plaintiff and Defendant; and (3) under the applicable preponderance of the evidence standard, the amount in controversy for all class members exceeds $5,000,000.00.

13.    Removal to this Court is proper because the action was filed and is pending in the Superior Court of the State of California in and for Alameda County, which is within this judicial district.  28 U.S.C. §§ 84(a), 1446(a).

#### ***This is a Class Action***

14.    CAFA defines a "class action" to include civil actions filed under state statutes or rules of procedure similar to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") that authorize an action to be brought by one or more representative persons as a class action.

15.     Plaintiff brings this action on behalf of himself and a putative class defined as:

> "[A]ll persons who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court."

*See* Exh. A. (Complaint), ¶ 7.  The Complaint further alleges that it is brought "pursuant to Cal. Code of Civ. Proc. § 382" and it purports to seek class certification and relief on behalf of the "CALIFORNIA CLASS" identified by Plaintiff.  *Id.* at ¶ 11 and Prayer for Relief.  Therefore, this action is a "class action" under CAFA, and the "Relevant Time Period" as pled by Plaintiff in the Complaint is September 1, 2018 to the present.

### *Minimal Diversity of Citizenship Exists*

16.     Minimum diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A).

17.     **Plaintiff's Citizenship.**  Plaintiff's Complaint alleges that he "*worked* in this County for DEFENDANT…"  (emphasis added).  *See* Exh. A.  (Complaint), ¶ 12.  However, Plaintiff is a *current* employee for Defendant and presently works for Defendant in Alameda County. Furthermore, Defendant is informed and believes that Plaintiff currently resides in and intends to indefinitely remain living continuously in California since Plaintiff's home address, which Plaintiff previously provided to Defendant at the start of his employment, is based in Tracy, California. Accordingly, Plaintiff is a citizen of California for purposes of CAFA.  *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Mondragon v. Capital One Auto Finance*, 776 F.3d 880, 885-86 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless rebutted with sufficient evidence of change"); *Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was the state of domicile for a party with a California residential address).

18.     **Defendant's Citizenship.**  Defendant is a Colorado corporation with its corporate headquarters and principal place of business in Richmond, Virginia.  *See* California Secretary of State Business Search at https://bizfileonline.sos.ca.gov/search/business (Entity Name Searched: "Performance Food Group, Inc.").  At its corporate headquarters in Virginia, PFG's officers direct, control, and coordinate PFG's activities, and the majority of its executive and administrative

1  functions are performed there.  Thus, PFG is not a citizen of California, but rather, was and is a citizen

2  of Colorado and Virginia.  *See* 28 U.S.C. § 1332(c)(1) (for diversity purposes, "[a] corporation shall

3  be deemed a citizen of any State by which it has been incorporated and of the State where it has its

4  principal place of business"); *see also Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (the

5  "'principal place of business' is best read as referring to the place where a corporation's officers

6  direct, control, and coordinate the corporation's activities," and in practice, the principal place of

7  business "should normally be the place where the corporation maintains its headquarters – provided

8  that the headquarters is the actual center of direction, control, and coordination").

9      19.    **Doe Defendants.**  DOES 1 through 50 are fictitious defendants whose citizenship is

10  disregarded for purposes of removal.  See 28 U.S.C. § 1441(a).

11      20.    Accordingly, Defendant is not a citizen of the State of California but, rather, is a citizen

12  of the State of Colorado and the State of Virginia for the purpose of determining jurisdiction, while

13  Plaintiff was and is a citizen of the State of California.  *See* 28 U.S.C. § 1332(d)(10).  Thus, the

14  minimum diversity requirement under CAFA is satisfied.  28 U.S.C. § 1332(d)(2) (providing that

15  CAFA jurisdiction exists over any civil action in which "any member of a class of plaintiffs is a

16  citizen of a State different from any defendant").

17                    ***Size of Proposed Class***

18      21.    According to Plaintiff's Complaint, "[t]he members of the class are so numerous that

19  joinder of all class members is impracticable."  *See* Exh. A (Complaint), ¶ 40.  Indeed, Defendant

20  <u>currently</u> employs more than 100 individuals as hourly-paid, non-exempt employees in California,

21  and has employed more than 100 individuals in California at all times since September 1, 2018.

22  Therefore, the aggregate membership of the proposed class is *at least* 100 as required under CAFA.

23  *See* 28 U.S.C. § 1332(d)(5)(B).

24          ***The $5 Million Amount in Controversy Threshold is Satisfied***

25      22.    Defendant avers based on the following calculations that the amount in controversy

26  exceeds $5,000,000 only for the purpose of establishing subject matter jurisdiction under CAFA.

27  Defendant's allegations and calculations are not admissions of liability or damages with respect to

28  any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a

1 class action is proper.[1]

2   23. Consistent with Fed. R. Civ. P. 8(a), a removing defendant's notice of removal need

3 only contain plausible allegations to demonstrate the amount in controversy.  Evidentiary submissions

4 are ***not required*** unless and until the removing defendant's allegations are contested by the plaintiff or

5 questioned by the Court:

6     In sum, as specified in § 1446(a), a defendant's notice of removal need
      include only a plausible allegation that the amount in controversy exceeds
7     the jurisdictional threshold.  Evidence establishing the amount is required by
      § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the
8     defendant's allegation.

9 *Dart Cherokee*, 135 S.Ct. at 554.

10   24. A plaintiff's complaint is a court's "first source of reference in determining the amount

11 in controversy."  *LaCrosse*, 775 F.3d at 1202 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*,

12 303 U.S. 283, 289 (1938)).  As such, the ultimate inquiry is what amount is put "in controversy" by

13 Plaintiff's Complaint, not what a court or jury might later determine to be the actual amount of

14 damages, if any.[2]

15   25. Furthermore, as confirmed by the Ninth Circuit in *Chavez v. JPMorgan Chase & Co.*,

16 888 F.3d 413, 414-15, 417-18 (9th Cir. 2018), "the amount in controversy is not limited to damages

17 incurred prior to removal . . . [r]ather, the amount in controversy is determined by the complaint

18

19

---

20   [1] *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015)
  ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in
21 controversy exceeds $5 million, they are still free to challenge the actual amount of damages in
  subsequent proceedings and trial.'") (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193,
22 1198 n.1 (9th Cir. 2015)).

23   [2] *See Ibarra*, 775 F.3d at 1198 n.1, (defendants "are not stipulating to damages suffered" in
  a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction
24 must be analyzed on the basis of pleadings filed at the time of removal") (citing *Sparta Surgical
  Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998)); *St. Paul Mercury*,
25 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a
  removal"); *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d
26 Cir. 2003) (the "'amount in controversy' . . . for jurisdictional purposes, [is] the sum put in
  controversy by the plaintiff's complaint"); *Wilder v. Bank of Am.*, 2014 WL 6896116, at *4 (C.D.
27 Cal. Dec. 5, 2014) (determining amount in controversy requires that court assume that the
  allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims
28 made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the
  complaint, not what a defendant will actually owe).

1    operative at the time of removal and encompasses all relief a court may grant on that complaint if

2    the plaintiff is victorious."  Accordingly, the amount in controversy may include all relief available

3    to Plaintiff through the end of trial.

4         26.    The claims of the individual putative class members ("PCMs") in a "class action" are

5    aggregated to determine if the amount in controversy exceeds the sum or value of $5 million.  *See*

6    28 U.S.C. §§ 1332(d)(6), (11).   In addition, Congress intended for federal jurisdiction to be

7    appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the

8    viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought

9    (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep.

10   109-14, at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA

11   makes clear that any doubts regarding the maintenance of interstate class actions in state or federal

12   court should be resolved in favor of federal jurisdiction.[3]

13        27.    Plaintiff and the PCMs seek, *inter alia*, unpaid wages, interest, statutory costs,

14   penalties, restitution, statutory costs and attorneys' fees.  *See* Exh. A (Complaint), ¶¶ 54, 55, 79, 95,

15   99, 103, 111 and Prayer for Relief.  As CAFA authorizes the removal of class actions in which, among

16   the other factors mentioned above, Defendant avers that the aggregate amount in controversy for

17   these types of damages sought for all of the PCMs exceeds $5,000,000.00 and therefore, the amount

18   in controversy as sought in the Complaint exceeds that jurisdictional minimum.  *See* 28 U.S.C. §

19   1332(d).

20        28.    At this juncture, Defendant's payroll, operational and employment data for those

21   PCMs comprised of current and former non-exempt employees in California who worked for

22   Defendant during the Relevant Time Period (i.e., September 1, 2018 through September 16, 2022)

23   was used and analyzed to determine the CAFA amount in controversy for purposes of this Notice of

24

25   _____

26        [3] *See* S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case . . . Overall, new

27   section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be

28   heard in a federal court if properly removed by any defendant.").

1   Removal.[4]  That data can be summarized as follows:

2          (a) For the period from September 1, 2021 to September 16, 2022 (the "1-Year SOL

3              Period");

4                  i.   At least 523 PCMs were employed by Defendant as non-exempt employees in

5                       California;

6                  ii.  These 523 PCMs were issued an aggregate total of 6,547 wage statements,

7                       which wage statements were issued on a bi-weekly basis;

8          (b) For the period from September 1, 2019 to September 16, 2022 (the "3-Year SOL

9              Period");

10                 i.   As least 970 PCMs separated their employment from Defendant;

11                 ii.  The average length of the workday by the PCMs working in the 3-Year SOL

12                      Period was more than eight (8) hours per workday; and

13                 iii. The average effective hourly rate of pay for hours worked by PCMs in the 3-

14                      Year SOL Period was $16.09 per hour;

15         (c) For the period from September 1, 2018 to September 16, 2022 (the "4-Year SOL

16             Period");[5]

17                 i.   At least 1,835 PCMs were employed by Defendant;

18                 ii.  Those PCMs worked an aggregate total of 275,427 workdays;

19                 iii. The average length of the workday by the PCMs working in the 4-Year SOL

20                      Period was more than eight (8) hours per workday; and

21                 iv.  The average effective hourly rate of pay for hours worked by PCMs in the 4-

22                      Year SOL Period was $16.84 per hour.

23   ───────────────────

24       [4] If challenged, Defendant expressly reserves and does not waive its right to supplement and/or
     amend its removal submissions to rely on additional data and/or claims for which no calculations
25   have yet been proffered in calculating the amount in controversy.

26       [5] Plaintiff's UCL claim is predicated on his California Labor Code claims.  *See* Exh. A
     (Complaint), ¶¶ 1-65.  Thus, as his proposed class definition reflects, he claims that the UCL's four-
27   year limitations period is properly applied to each of his underlying Labor Code wage claims.  *See,
     e.g.*, *Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1178 (9th Cir. 2016) ("Because Plaintiffs have pled
     a claim under the UCL, this four-year period applies."); *Van v. Language Line Servs., Inc.*, 2016 WL
28   3143951, at *9 (N.D. Cal. June 6, 2016) (same).

9
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

1

### _Second and Third Causes of Action: Failure to Pay Minimum and Overtime Wages_

2

29.     In support of his Second Cause of Action for failure to pay minimum wages, Plaintiff

3   alleges that Defendant "from time-to-time" required Plaintiff and the PCMs "to perform off-the-clock

4   pre-shift and post-shift work."  _See_ Exh. A (Complaint), ¶ 27.  Plaintiff also alleges that he and the

5   PCMs were required to "remain on duty and on call [during meal periods] . . . without additional

6   compensation and in accordance with DEFENDANTS' strict corporate policy and practice."  _Id._ at ¶

7   15.  Plaintiff further alleges that Defendant "maintained a uniform wage practice" of paying Plaintiff

8   and the PCMs "without regard to the correct amount of time they worked" and that as a result of

9   Defendant's "uniform policy and practice" and "systematic scheme," that they were denied accurate

10  compensation "in regards to minimum wage pay."  _See id._, ¶¶ 71-72, 77.

11

30.     In support of his Third Cause of Action for failure to pay overtime wages, Plaintiff

12  alleges that Defendant "from time-to-time" required Plaintiff and the PCMs "to perform off-the-clock

13  pre-shift and post-shift work."  _See id._, ¶ 27.  Plaintiff also alleges that Defendant failed to include

14  alleged "non-discretionary bonus, commission, or incentive" pay in the regular rate of pay, and

15  underpaid employees for sick pay, among other things.  _Id._ at ¶¶ 19-20.  Plaintiff further alleges that

16  Defendant's "uniform pattern of unlawful wage and hour practices manifested…as a result of

17  implementing a uniform policy and practice that failed to accurately record overtime" and that

18  Plaintiff and the PCMs were "denied accurate compensation…for overtime worked, including, the

19  overtime work performed in excess of eight (8) hours in a workday…" _See id._, ¶ 86.  Finally, Plaintiff

20  alleges that "PLAINTIFF and the [PCMs] typically worked over 40 hours in a workweek, and more

21  than eight (8) hours per day."  _Id._ at ¶ 33.

22

31.     For purposes of calculating the amount in controversy, Plaintiff's allegations are taken

23  as true.  _See e.g._, _Campbell v. Vitran Exp., Inc._, 471 F. App'x 646, 648 (9th Cir. 2012) (facts alleged

24  in the complaint "are to be taken as true for purposes of calculating the amount in controversy").  In

25  light of Plaintiff's allegations that Plaintiff and the PCMs "typically" worked more than eight hours

26  per day, that each has been damaged by way of Defendant's purported "unlawful" policies and/or

27  practices, and the fact that Defendant's data reflects that the PCMs worked, on average, in excess of

28  8 hours per day during the four-year period preceding the filing of Plaintiff's Complaint, any unpaid

time worked by PCMs that is attributable to performing work off-the-clock pre-shift and/or post-shift work can and should be calculated at the overtime rate for the Relevant Time Period.

32.     For purposes of determining the amount in controversy for the alleged unpaid minimum wage and overtime compensation underlying Plaintiff's Second and Third Causes of Action, Defendant has reasonably and conservatively assumed that the PCMs will claim to have worked 6 minutes (0.10 hours) of unpaid time, and based on Plaintiff's allegations that such violations only occurred "from time to time," Defendant is assuming that such off the clock violations occur only 20% of the time, or one day per five days worked.  Additionally, Defendant is calculating the amount in controversy on Plaintiff's unpaid minimum wage and unpaid overtime wage allegations for alleged off-the-clock work **only** (and not for any *underpaid* overtime wages, sick leave or meal or rest break premiums) based **only** on the **lowest** minimum wage in effect  during the Relevant Time Period, which was $11.00 per hour.[6]  This assumption is extremely conservative and fully supported by existing case law.  *See, e.g., Vasquez v. RSI Home Prod., Inc.*, 2020 WL 6778772, at *7 (C.D. Cal. Nov. 12, 2020) (finding defendant's utilization of the lowest possible minimum wage rate during the limitations period as "reasonable" for purposes of calculating plaintiff's unpaid wage claims); *Collins v. Hilton Management LLC,* , 2021 WL 2981977, at *2 (N.D. Cal. July 15, 2021) (Donato, J.) (finding defendant's assumption that each putative class member experienced one meal or rest break violation per week was "conservative" where plaintiff's complaint "qualifie[d] the alleged meal and rest break violations with phrases such as 'from time to time' and 'periodically'"); *Altamirano v. Shaw Indus.*, 2013 WL 2950600, at *10 (N.D. Cal. June 14, 2013) (Chen, J.) (accepting assumption of six minutes of unpaid time per day for purposes of amount in controversy calculations as "rather conservative"); *Ramirez v. Cornerstone Bldg. Brands*, 2022 WL 1556664, at *1 (E.D. Cal. May 17, 2022) (finding defendant's assumption of a 20% violation rate was "reasonable" where plaintiff's complaint alleged

---

[6] The use of the *lowest* **state** minimum wage results in a conservative and dramatically **underestimated** amount in controversy considering that the state minimum wage is presently $15.00 per hour and has been more than $11.00 per hour since at least January 1, 2019.  Furthermore, given that the PCMs averaged more than eight hours of work per day in the 4-Year SOL Period, Defendant would be justified to calculate this amount at the overtime premium rate and not the lowest minimum wage rate.

1  that that the purported "wage loss violations" occurred "from time to time" or "often"); *Lucas v.*

2  *Michael Kors (USA), Inc.*, 2018 WL 2146403 at *6 (C.D. Cal. May 9, 2018)  (finding assumption of

3  one hour per week, or 12 minutes per day, reasonable).[7]

4    33.    Accordingly, Defendant calculates the amount in controversy for the alleged unpaid

5  minimum and overtime wages *solely on Plaintiff's off-the-clock allegations* as follows:

| Lowest Minimum Wage in 4-Year SOL Period | | Off-the-Clock Hours Per Day Worked (6 Minutes) | | 20% Violation Rate For 275,427 Total Workdays[8] | | Amount In Controversy |
|---|---|---|---|---|---|---|
| $11.00 | x | 0.10 | x | 55,085.40 | = | $60,593.94 |

12    34.    Therefore, the minimum and conservatively estimated amount in controversy for

13  Plaintiff's Second and Third Causes of Action for unpaid minimum and overtime wages is

14  **$60,593.94**.  Notably, the amount in controversy on these claims and Plaintiff's other claims as

15  discussed below are *conservatively* calculated given that they are calculated at the lowest possible

16  minimum wage and not the average effective overtime rate, they do not include other sums for the

17  allegedly *underpaid* overtime and other wages sought by Plaintiff on behalf of himself and the

18  PCMs, and they only include relief through September 16, 2022, even though the amount in

19  controversy can properly be calculated to include relief that could be obtained through the end of

20  trial.  *See Chavez*, *supra*, 888 F.3d 413 at 414-15, 417-18.

21    ***Fourth Cause of Action: Failure to Provide Meal Periods***

22    35.    In support of his Fourth Cause of Action for failure to provide meal periods, Plaintiff

23  alleges that "[f]rom time-to-time" Plaintiff and the PCMs were "unable to take thirty (30) minute

---

25    [7] If challenged, Defendant expressly reserves and does not waive its right to supplement
26  and/or amend its removal submissions to rely on other, higher, reasonable assumptions and/or
    estimates in calculating the amount in controversy, or employee data.
27    [8] Defendant conservatively assumes a 20% violation rate during the four-year period
    preceding the filing of the Complaint for purposes of determining the amount in controversy as to
28  Plaintiff's claims for unpaid minimum wage and overtime compensation.

off-duty meal breaks and were not fully relieved of duty for their meal periods", were "interrupted by work assignments while clocked out" for meal breaks, performed work as ordered by Defendant "for more than five (5) hours during some shifts without receiving a meal break", did not receive a "second off-duty meal period for some workdays" when Plaintiff and the PCMs were required "to work ten (10) hours of work from time to time, and that as a result of Defendant's "strict corporate policy and practice," that Plaintiff and the PCMs "forfeited meal breaks without additional compensation." *See* Exh. A (Complaint), ¶¶ 14-15, 97. Plaintiff also alleges that there were "many days where [he] did not even receive a partial lunch." *Id.* at ¶ 14.

36.    Based on Plaintiff's allegations, and Plaintiff's contention that he and the PCMs experienced ***both*** first and second meal period violations "from time to time," Defendant *conservatively* assumes that Plaintiff and the PCMs will claim to have experienced a meal break violation one day out of every ten days worked (i.e., a 10% violation rate) during the 4-Year SOL Period. Indeed, Courts have accepted 20% break violation rates as "reasonable" for purposes of CAFA removals where "from time to time" allegations have been alleged by the plaintiff. *See, e.g., Ramirez*, 2022 WL 1556664, at *1 (finding defendant's assumption of a 20% break violation rate was "reasonable" where plaintiff's complaint alleged that that the purported "wage loss violations" occurred "from time to time" or "often"); *Collins*, 2021 WL 2981977, at *2 (finding defendant's assumption that each putative class member experienced one meal or rest break violation per week was "conservative" where plaintiff's complaint "qualifie[d] the alleged meal and rest break violations with phrases such as 'from time to time' and 'periodically'); *Nunes v. Home Depot U.S.A., Inc.*, 2019 WL 4316903, at *2 (E.D. Cal. Sept. 12, 2019) (finding defendant's assumption of one missed meal break and one missed rest break per week to be "reasonable" where plaintiff alleged that defendant had a "'uniform policy and practice' with respect to meal breaks whereby it 'often' failed to provide class members with all legally required meal breaks, causing class members to, 'from-time-to-time,' forfeit meal breaks without compensation" and where plaintiff further alleged that defendant had a "'uniform policy, practice, and procedure' restricting rest breaks resulting in class members 'periodically' (or 'from time to time') being denied required rest breaks…").

37.    Therefore, based on Defendant's above-summarized data, which shows that the

PCMs worked at least 275,427 days during the 4-Year SOL Period, and were paid an average effective hourly rate of $16.84 during that time period, Defendant *conservatively* calculates the amount in controversy on Plaintiff's claim for unpaid *meal break* compensation as follows:

| Average Hourly Rate | Total Number of Workdays | Workdays Meal Period Violation Rate | Amount In Controversy |
|---|---|---|---|
| $16.84 | 275,427 | 10% | $463,819.07 |

38.     Accordingly, the amount in controversy on Plaintiff's claim that he and other PCMs were not provided meal periods is at least **$463,819.07**.[9]

### *Fifth Cause of Action: Failure to Provide Rest Periods*

39.     In support of his Fifth Cause of Action for failure to provide rest periods, Plaintiff alleges that "[f]rom time-to-time" Plaintiff and the PCMs were required to work "in excess of four (4) hours without being provided ten (10) minute rest periods" as a result of their "rigorous work requirements" and Defendant's "inadequate staffing" and that for the same reasons, Plaintiff and the PCMs were denied rest periods for some shifts worked "between six (6) to eight (8) hours; and a "first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more…" *See* Exh. A (Complaint), ¶¶ 16, 101.  Plaintiff also alleges that he and the PCMs were, "from time to time" required to "remain on duty and/or on call" during rest breaks. *Id.* at ¶ 16.

40.     Based on Plaintiff's allegations of first, second and third rest break violations occurring from "time to time," Defendant *conservatively* assumes that Plaintiff and the PCMs will claim to have experienced rest break violations one day out of every ten days worked (i.e., a 10% violation rate) during the 4-Year SOL Period.  Indeed, Courts have accepted 20% break violation rates as "reasonable" for purposes of CAFA removals where "from time to time" allegations have been alleged by the plaintiff. *See, e.g., Ramirez*, 2022 WL 1556664, at *1 (E.D. Cal. May 17, 2022)

---

[9] If challenged, Defendant expressly reserves and does not waive its right to supplement and/or amend its removal submissions to rely on other, higher, reasonable assumptions and/or estimates in calculating the amount in controversy.

1  (holding defendant's assumption of a 20% break violation rate was "reasonable" where plaintiff's

2  complaint alleged that that the purported "violations" occurred "from time to time" or "often");

3  *Collins*, 2021 WL 2981977, at *2  (finding defendant's 20% break violation assumption rate was

4  "conservative" where plaintiff's complaint "qualifie[d] the alleged meal and rest break violations

5  with phrases such as 'from time to time' and 'periodically'"); *Nunes*, 2019 WL 4316903, at *2 (holding

6  that a 20% violation rate of one missed meal break and one missed rest break was "reasonable" where

7  plaintiff alleged break violations occurred "from-time-to-time", "periodically" and "often").

8       41.    Therefore, based on Defendant's above-summarized data, which shows that the PCMs

9  worked at least 275,427 days during the 4-Year SOL Period, and were paid an average effective

10  hourly rate of $16.84 during that time period, Defendant *conservatively* calculates the amount in

11  controversy on Plaintiff's claim for unpaid *rest break* compensation as follows:

12
13

| Average Hourly Rate | Total Number of Workdays | Workdays Rest Period Violation Rate | Amount In Controversy |
|---|---|---|---|
| $16.84 | 275,427 | 10% | $463,819.07 |

14

15

16       42.    Accordingly, the amount in controversy on Plaintiff's claim that he and other PCMs

17  were not provided rest periods is at least **$463,819.07**.[10]

18       ### Sixth Cause of Action: Failure to Provide Accurate Itemized Wage Statements

19       43.    In support of Plaintiff's Sixth Cause of Action for violation of Cal. Lab. Code § 226(a),

20  Plaintiff alleges that Defendant failed to provide Plaintiff and the PCMs with accurate wage

21  statements in writing that "properly and accurately itemizes all wages, and missed meal and rest

22  periods and reporting time wages."  *See* Exh. A (Complaint), ¶ 106.  Plaintiff further alleges that

23  Defendant failed to provide "complete and accurate wage statements which failed to accurately show,

24  among other things, (1) total number of hours worked, (2) net wages earned, (3) gross wages earned;

25  and (4) all applicable hourly rates in effect…and the corresponding number of hours worked at each

26

27       [10] If challenged, Defendant expressly reserves and does not waive its right to supplement

28  and/or amend its removal submissions to rely on other, higher, reasonable assumptions and/or
    estimates in calculating the amount in controversy.

1    hourly rate…" *Id.* Plaintiff further alleges that overtime, sick pay and meal and rest break payments

2    were not paid at the correct "regular rate of pay," and that Defendants failed to "include the correct

3    total number of hours worked on the wage statements." *Id.* at ¶¶ 20-21, 24-25.

4        44.    Plaintiff seeks "liquidated damages of fifty dollars ($50.00) for the initial pay

5    period…one hundred dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal.

6    Lab. Code § 226 in an amount according to proof at the time of trial (but in no event more than four

7    thousand dollars ($4,000.00)…" on behalf of himself and the PCMs he seeks to represent. *Id.*, ¶ 107.

8    Under Cal. Lab. Code § 226(e), an employee suffering injury as a result of a knowing and intentional

9    failure by an employer to provide accurate itemized wage statements in violation of Cal. Lab. Code

10   § 226(a) is entitled to recover the greater of all actual damages *or* fifty dollars ($50) for the initial pay

11   period in which a violation occurs and one hundred dollars ($100) per employee for each violation in

12   a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) *per*

13   *employee*. This type of claimed violations is normally subject to a one-year statute of limitations.

14       45.    Given that the PCMs work on average more than 8 hours per workday, and even just

15   accepting Defendant's 10% meal and rest break violation rates (i.e., once every 10 workdays),

16   Plaintiff's above-referenced allegations of overtime miscalculation, and the non-payment/incorrect

17   payment of break premiums thus supports the assumption that there is an "inaccuracy" in every single

18   bi-weekly pay period within the 1-Year SOL Period. *See, e.g., Nunes,* 2019 WL 4316903 at *3

19   (accepting 100% wage statement violation rate as reasonable where court accepted a 20% break

20   violation rate which would have resulted in a wage statement inaccuracy in each pay period).

21   Therefore, the amount in controversy on Plaintiff's Sixth Cause of Action for inaccurate wage

22   statement violations during the 1-Year SOL Period for the 523 PCMs employed by Defendant who

23   received 6,547 wage statements, is **$628,550**, calculated as follows: ([523 PCMs x $50 initial

24   violation] + [6,024 subsequent wage statements (6,547 – 523) x $100 subsequent violation]).

25       ***Failure to Pay All Wages Due to Discharged Employees***

26       46.    As part of Plaintiff's Second and Third Causes of Action for unpaid wages, Plaintiff

27   also seeks waiting time penalties under Labor Code § 203 ("Section 203") for himself and the PCMs.

28   *See* Exh. A (Complaint), ¶¶ 79, 95. Specifically, Plaintiff contends that Defendant's purported

conduct "also violates Labor Code §§ 201 and/or 202, and therefore these employees would also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these [PCMs]." *Id.* at ¶ 95.

47.    As set forth above, there are 970 PCMs whose employment terminated during the 3-Year SOL Period, and the PCMs' average effective hourly rate during that same period was $16.09 per hour.  Moreover, Plaintiff's Complaint alleges that he and other PCMs "typically worked more than eight (8) hours per day," such that Defendant can and does reasonably assume that Plaintiff and other PCMs worked an average 8-hour workday during the three-year period preceding the filing of the Complaint. *See id.*, ¶ 33.  And, in fact, Defendant's employee data for the PCMs demonstrates that they worked, on average, more than 8 hours per workday.  Based thereon, and on Plaintiff's allegations, it is reasonable to conclude that each PCM worked 8 hours per day for purposes of waiting time penalties, and to assume that each PCM experienced at least one violation during his or her employment that remained uncompensated at the time of separation from Defendant. *See, e.g.*, *Collins*, 2021 WL 2981977, at *3  (finding that "from time to time" allegations and an accepted 20% break violation rate supported a maximum waiting time penalty for every former and/or terminated employee, because it "reasonably follows . . . that the putative class members experienced at least one wage and hour violation at some point in their employment."); *Calderon v. BKB Constr., LP*, 2017 WL 2618094, at *6 (N.D. Cal. June 16, 2017) (Ryu, J.) (accepting 8-hour assumption for waiting time penalties as reasonable where "Plaintiff's complaint alleges that he worked in excess of 8 hours a day"); *see also Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *4 (C.D. Cal. July 28, 2017) (Fischer, J.) (assuming maximum waiting time penalties were reasonable); *Altamirano*, 2013 WL 2950600, at *12 (based on the allegations, reasonable to assume all terminated employees suffered one incident of underpayment and awarding penalties for 30-day period).

48.    Consequently, Defendant *conservatively* calculates that the amount in controversy on Plaintiff's claim for failure to timely pay wages is **<u>$3,745,752.00</u>** [970 PCMs x ($16.09 average hourly

1    rate x 8 hours per day x 30 days)].[11]

2                                 ***Statutory Attorneys' Fees***

3            49.    Plaintiff also seeks statutory attorneys' fees in connection with each cause of action

4    alleged in the Complaint.  *See* Exh. A (Complaint), ¶ 39 and Prayer for Relief.  In the Ninth Circuit,

5    when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the

6    "amount in controversy" for purposes of removal.  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899

7    F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see Galt*

8    *G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute

9    authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees

10   may be included in the amount in controversy.").  Moreover, "a court **_must_** include **future** attorneys'

11   fees recoverable by statute or contract when assessing whether the amount-in-controversy

12   requirement is met."  *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15

13   (9th Cir. 2018) ("[T]he amount in controversy is determined by the complaint operative at the time

14   of removal and encompasses **all** relief a court may grant on that complaint if the plaintiff is

15   victorious." (emph. added)).

16          50.    Where, as here, a common fund recovery is sought, the Ninth Circuit uses a benchmark

17   rate of 25% of the potential award as an estimate for attorneys' fees.  *See*, *e.g.*, *Hanlon v. Chrysler*

18   *Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% … as a benchmark

19   award for attorney fees."); *Glass v. UBS Fin. Servs.*, 331 F. App'x 452, 457 (9th Cir. 2009) (finding

20   25% of total award, rather than 25% of amount actually collected by the class, "was proper, and in

21   line with Ninth circuit precedent").[12]  Accordingly, utilizing Defendant's calculations of the amount

22

23

24          [11] If challenged, Defendant expressly reserves and does not waive its right to supplement
     and/or amend the removal submissions to rely on other, higher, reasonable assumptions and/or
     estimates in calculating the amount in controversy.

25          [12] *See also, e.g., Collins*, 2021 WL 2981977, at *3 (accepting 25% attorneys' fee estimate to
     support CAFA removal); *Hamilton v. Wal-Mart Stores Inc.*, 2017 WL 4355903, at *5-6 (C.D. Cal.

26   Sept. 29, 2017) (CAFA wage and hour case allowing an estimated fee award of twenty-five percent
     of the plaintiff's damages in calculating the amount in controversy); *Gutierrez v. Stericycle, Inc.*,

27   2017 WL 599412, at *17 (C.D. Cal. Feb. 14, 2017) (CAFA wage and hour case noting that "it is
     appropriate to include in the calculation of the amount in controversy a potential fee award of 25%

28   of the value of certain of the substantive claims.").

in controversy on Plaintiff's Second, Third, Fourth, Fifth, and Sixth Causes of Action and the 25% benchmark for statutory attorneys' fees used in the Ninth Circuit, Defendant *conservatively* calculates the amount in controversy on Plaintiff's claim for statutory attorneys' fees would be no less than $1,340,633.52, calculated as follows: ($60,593.94 + $463,819.07 + $463.819.07 + $628,550.00 + $3,745,752.00) = $5,362,534.08 x 25% attorneys' fees.

### *Summary of Amount in Controversy*

51.     Based on the foregoing, the total amount in controversy for the putative class action claims of the proposed class Plaintiff seeks to represent is not less than **$6,703,167.60**, *without considering any amount in controversy on Plaintiff's Seventh Cause of Action for unreimbursed business expenses*, which sum far exceeds the $5,000,000 CAFA threshold:

| **Cause of Action / Claim** | **Amount in Controversy** |
|---|---|
| Failure to Pay Minimum/Overtime Wages (Second and Third Causes of Action) | $60,593.94 |
| Failure to Provide Meal Periods (Fourth Cause of Action) | $463,819.07 |
| Failure to Provide Rest Periods (Fifth Cause of Action) | $463,819.07 |
| Violation of Labor Code § 226(a) (Sixth Cause of Action) | $628,550.00 |
| Waiting Time Penalties Pursuant to Labor Code § 203 | $3,745,752.00 |
| Statutory Attorneys' Fees and Costs | $1,340,633.52 |

**TOTAL AMOUNT IN CONTROVERSY:**                    **$6,703,167.60**

52.     Defendant expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence supporting the Court's jurisdiction over this action under CAFA or otherwise, including without limitation as to additional and/or different amounts in controversy, and as to traditional diversity and/or federal question jurisdiction. Additionally, Defendant assumes that

1   the proposed class is as defined by Plaintiff in the Complaint for purposes of this Notice of Removal

2   only, but expressly reserves and does not waive its position that the proposed class definition is

3   improper and/or cannot be certified.

## IV.    NO CAFA EXCEPTIONS APPLY

5   53.    CAFA contains a number of exceptions to its grant of original jurisdiction. 28 U.S.C.

6   §§ 1332(d)(3)-(5).  However, none of these exceptions are applicable here.

7   54.    The first is a discretionary exception based on the number of putative class members

8   found in the state where the action was filed.  *See* 28 U.S.C. § 1332(d)(3).  However, the exception

9   **only** applies where the "primary defendants are citizens of the State in which the action was originally

10  filed." *See id.*  Here, the action was originally filed in the Superior Court of Alameda in the State of

11  California and, as noted above, Defendant is *not* a citizen of California.  It is a citizen of Colorado

12  and Virginia.  Thus, this exception does not apply.

13  55.    Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of

14  original jurisdiction based on the number of putative class members in the state in which the action

15  was filed.  However, these exceptions also apply **only** where all primary defendants, or at least one

16  defendant, is a "citizen of the State in which the action was originally filed."  *See* 28 U.S.C.

17  §§ 1332(d)(4)(A)(i)(II), 1332(d)(4)(B).  Given that this action was originally filed in California, and

18  Defendant is a citizen of Colorado and Virginia, these exceptions also do not apply.

19  56.    Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions applicable to

20  actions where defendants are government entities, or in which the putative class contains less than

21  100 members in the aggregate.  *See* 28 U.S.C. §§ 1332(d)(5)(A)-(B).  Given that Defendant is not a

22  governmental entity and Plaintiff has alleged that a class that is "so numerous" and Defendant's

23  above-described data establishes that the putative class in fact *far exceeds* 100 members, these

24  exceptions also do not apply.

## V.    RESERVATION OF RIGHTS

26  57.    Nothing in this Notice of Removal is intended or should be construed as any type of

27  express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's

28  claims, causes of action, and allegations, or of any liability for the same, all of which are hereby

expressly denied, or as any type of express or implied waiver or limitation of Defendant's rights, claims, remedies, and defenses in connection with this action (including, without limitation, issues related to the arbitrability of Plaintiff's claims), all of which are hereby fully and expressly reserved.

## VI.    NOTICE TO PLAINTIFF

58.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be served on Plaintiff's counsel of record:

| | |
|---|---|
| Jean-Claude Lapuyade | Shani O. Zakay |
| Sydney Castillo Johnson | Jackland K. Hom |
| JCL LAW FIRM, APC | Julieann Alvarado |
| 5440 Morehouse Drive, Suite 3600 | ZAKAY LAW GROUP, APLC |
| San Diego, CA 92121 | 5440 Morehouse Drive, Suite 5400 |
| jlapuyade@jcl-lawfirm.com | San Diego, CA 92121 |
| scastillo@jcl-lawfirm.com | shani@zakaylaw.com |
| | jackland@zakaylaw.com |
| Attorneys for Marcos Rodriguez | julieann@zakaylaw.com |

In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the State of California in and for the County of Alameda.

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed to this United States District Court for the Northern District of California from the Superior Court of the State of California in and for the County of Alameda to this Court.

DATED: October 7, 2022              **MᶜGᴜɪʀᴇWᴏᴏᴅꜱ LLP**

By:    /s/ Sabrina A. Beldner
        Sabrina A. Beldner
        Andrew W. Russell
        Natalie M. Lagunas
        Sarah Y. Oh

        Attorneys for Defendant
        PERFORMANCE FOOD GROUP, INC.

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
     I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 1800 Century Park

4
East, 7th Floor, Los Angeles, CA 90067.

5
     On October 7, 2022, I served the following document(s) described as **DEFENDANT'S
NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action by

6
placing true copies thereof enclosed in sealed envelopes addressed as follows:

7
     Jean-Claude Lapuyade          Shani O. Zakay
     Sydney Castillo Johnson        Jackland K. Hom

8
     JCL LAW FIRM, APC           Julieann Alvarado
     5440 Morehouse Drive, Suite 3600   ZAKAY LAW GROUP, APLC

9
     San Diego, CA 92121           5440 Morehouse Drive, Suite 5400
     jlapuyade@jcl-lawfirm.com       San Diego, CA 92121

10
     scastillo@jcl-lawfirm.com        shani@zakaylaw.com
                                 jackland@zakaylaw.com

11
     Attorneys for Marcos Rodriguez   julieann@zakaylaw.com

12
☒    **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing

13
     correspondence for mailing with the United States Postal Service.  Under that practice, it
     would be deposited with the United States Postal Service that same day in the ordinary
     course of business.  Such envelope(s) were placed for collection and mailing with postage

14
     thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business
     practices.  (C.C.P. § 1013 (a) and 1013a(3))

15

16
☐    **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted
     electronically to the above addressees. (C.C.P. § 1010.6)

17
☐    **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility

18
     regularly maintained by the overnight service carrier, or delivered such document(s) to a
     courier or driver authorized by the overnight service carrier to receive documents, in an

19
     envelope or package designated by the overnight service carrier with delivery fees paid or
     provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

20
☐    **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered the addressee(s).

21
     (C.C.P. § 1011)

22
     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

23
     Executed on October 7, 2022, at Los Angeles, CA.

24

25
     _____
                        Matthew Whitney

26

27

28

**JCL LAW FIRM, APC**
Jean-Claude Lapuyade (State Bar #248676)
Sydney Castillo Johnson (State Bar #343881)
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121
Telephone: (619) 599-8292
Facsimile: (619) 599-8291
jlapuyade@jcl-lawfirm.com
scastillo@jcl-lawfirm.com

**ZAKAY LAW GROUP, APLC**
Shani O. Zakay (State Bar #277924)
Jackland K. Hom (State Bar #327243)
Julieann Alvarado (State Bar #334727)
5440 Morehouse Drive, Suite 5400
San Diego, CA 92121
Telephone: (619) 255-9047
Facsimile: (858) 404-9203
shani@zakaylaw.com
jackland@zakaylaw.com
julieann@zakaylaw.com

Attorneys for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/01/2022 at 04:18:20 PM**
By: Angela Linhares,
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF ALAMEDA**

| | |
|---|---|
| MARCOS RODRIGUEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PERFORMANCE FOOD GROUP, INC., a Colorado corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | Case No: 22CV017191<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq*;<br>2) FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3) FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510 *et seq;*<br>4) FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5) FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER; |

6) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; 7)FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802.

**DEMAND FOR A JURY TRIAL**

Plaintiff MARCOS RODRIGUEZ ("PLAINTIFF"), an individual, on behalf of himself and all other similarly situated current and former employees, alleges on information and belief, except for his own acts and knowledge which are based on personal knowledge, the following:

**THE PARTIES**

1.    Defendant PERFORMANCE FOOD GROUP, INC. ("DEFENDANT") is a Colorado corporation that at all relevant times mentioned herein conducted and continues to conduct substantial and regular business in the state of California, county of Alameda, and is a major distributor of food products.

2.    The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFF will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFF is informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, (hereinafter collectively "DEFENDANTS" and/or "DEFENDANT") are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

3.    The agents, servants, and/or employees of the Defendants and each of them acting on behalf of the DEFENDANTS acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all

1    Defendants are jointly and severally liable to PLAINTIFF and the other members of the

2    CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the

3    Defendants' agents, servants and/or employees.

4        4.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of

5    PLAINTIFF's employer, within the meaning of California Labor Code § 558, who violated or

6    caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision

7    regulating hours and days of work in any order of the Industrial Welfare Commission and, as

8    such, are subject to civil penalties for each underpaid employee, as set forth in Labor Code § 558,

9    at all relevant times.

10       5.    DEFENDANTS were PLAINTIFF's employers or persons acting on behalf of

11   PLAINTIFF's employer either individually or as an officer, agent, or employee of another person,

12   within the meaning of California Labor Code § 1197.1, who paid or caused to be paid to any

13   employee a wage less than the minimum fixed by California state law, and as such, are subject to

14   civil penalties for each underpaid employee.

15       6.    PLAINTIFF has been employed by DEFENDANT in California since August of

16   2021 and has at all times been classified by DEFENDANT as a non-exempt employee, paid on

17   an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum

18   and overtime wages due for all time worked.

19       7.    PLAINTIFF brings this Class Action on behalf of himself and a California class,

20   defined as all persons who are or previously were employed by DEFENDANT in California and

21   classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period

22   beginning four (4) years prior to the filing of this Complaint and ending on the date as determined

23   by the Court (the "CLASS PERIOD"). The amount in controversy for the aggregate claim of the

24   CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

25       8.    PLAINTIFF brings this Class Action on behalf of himself and a CALIFORNIA

26   CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during

27   the CLASS PERIOD caused by DEFENDANT's uniform policy and practice which failed to

28   lawfully compensate these employees. DEFENDANT's uniform policy and practice alleged

1  herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained

2  and continues to retain wages due PLAINTIFF and the other members of the CALIFORNIA

3  CLASS. PLAINTIFF and the other members of the CALIFORNIA CLASS seek an injunction

4  enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and the

5  other members of the CALIFORNIA CLASS who have been economically injured by

6  DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable

7  relief.

8      9.    DEFENDANTS' uniform policies and practices alleged herein were unlawful,

9  unfair and deceptive business practices whereby DEFENDANTS retained and continues to retain

10 wages due PLAINTIFF and the other members of the CALIFORNIA CLASS.

11     10.   PLAINTIFF and the other members of the CALIFORNIA CLASS seek an

12 injunction enjoining such conduct by DEFENDANTS in the future, relief for the named

13 PLAINTIFF and the other members of the CALIFORNIA CLASS who have been economically

14 injured by DEFENDANTS's past and current unlawful conduct, and all other appropriate legal

15 and equitable relief.

16                    **JURISDICTION AND VENUE**

17     11.   This has jurisdiction over this Action pursuant to California Code of Civil

18 Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This

19 action is brought as a Class Action on behalf of PLAINTIFF and similarly situated employees of

20 DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

21     12.   Venue is proper in this Court pursuant to California Code of Civil Procedure,

22 Sections 395 and 395.5, because PLAINTIFF worked in this County for DEFENDANT and

23 DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities

24 in this County and/or conducts substantial business in this County, and (ii) committed the

25 wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

26

27 / / /

28

## THE CONDUCT

13.    In violation of the applicable sections of the California Labor Code and the requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a matter of company policy, practice and procedure, intentionally, knowingly and systematically failed to provide legally compliant meal and rest periods, failed to accurately compensate PLAINTIFF and the other members of the CALIFORNIA CLASS for missed meal and rest periods, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all time worked, failed compensate PLAINTIFF for off-the-clock work, failed to pay PLAINTIFF and the other members of the CALIFORNIA CLASS overtime at the correct regular rate of pay, failed to compensate PLAINTIFF and other members of the CALIFORNIA CLASS meal rest premiums at the regular rate, failed to reimburse PLAINTIFF and other CALIFORNIA CLASS Members for business expenses, and failed to issue to PLAINTIFF and the members of the CALIFORNIA CLASS with accurate itemized wage statements showing, among other things, all applicable hourly rates in effect during the pay periods and the corresponding amount of time worked at each hourly rate.  DEFENDANTS' uniform policies and practices are intended to purposefully avoid the accurate and full payment for all time worked as required by California law which allows DEFENDANTS to illegally profit and gain an unfair advantage over competitors who comply with the law.  To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should be adjusted accordingly.

### A.  Meal Period Violations

14.    Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANTS were required to pay PLAINTIFF and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work.  From time-to-time during the CLASS PERIOD, DEFENDANTS required PLAINTIFF and CALIFORNIA CLASS Members to work without paying them for all the time they were under DEFENDANTS' control.  Specifically, as a result of PLAINTIFF's demanding work requirements, and DEFENDANT'S understaffing,

Exhibit A

1    DEFENDANTS required PLAINTIFF to work while clocked out during what was supposed to

2    be PLAINTIFF's off-duty meal break. PLAINTIFF was from time to time interrupted by work

3    assignments while clocked out for what should have been PLAINTIFF's off-duty meal break.

4    Indeed, there were many days where PLAINTIFF did not even receive a partial lunch. As a result,

5    the PLAINTIFF and other CALIFORNIA CLASS Members forfeited minimum wage and

6    overtime wages by regularly working without their time being accurately recorded and without

7    compensation at the applicable minimum wage and overtime rates. DEFENDANTS' uniform

8    policy and practice not to pay PLAINTIFF and other CALIFORNIA CLASS Members for all

9    time worked is evidenced by DEFENDANTS' business records.

10           15.    From time-to-time during the CLASS PERIOD, as a result of their rigorous work

11   requirements, and DEFENDANTS' inadequate staffing practices, PLAINTIFF and other

12   CALIFORNIA CLASS Members were from time to time unable to take thirty (30) minute off-

13   duty meal breaks and were not fully relieved of duty for their meal periods. PLAINTIFF and

14   other CALIFORNIA CLASS Members were required from time to time to perform work as

15   ordered by DEFENDANTS for more than five (5) hours during some shifts without receiving a

16   meal break. Further, DEFENDANTS from time to time failed to provide PLAINTIFF and

17   CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which

18   these employees were required by DEFENDANTS to work ten (10) hours of work from time to

19   time. The nature of the work performed by PLAINTIFF and other CALIFORNIA CLASS

20   Members does not qualify for limited and narrowly construed "on-duty" meal period exception.

21   When they were provided with meal periods, PLAINTIFF and other CALIFORNIA CLASS

22   Members were, from time to time, required to remain on duty and on call. PLAINTIFF and other

23   CALIFORNIA CLASS Members therefore forfeited meal breaks without additional

24   compensation and in accordance with DEFENDANTS' strict corporate policy and practice.

25   **B. Rest Period Violations**

26           16.    From time-to-time during the CLASS PERIOD, PLAINTIFF and other

27   CALIFORNIA CLASS members were also required from time to time to work in excess of four

28   (4) hours without being provided ten (10) minute rest periods as a result of their rigorous work

Exhibit A

1  requirements, and DEFENDANTS' inadequate staffing.  Further, for the same reasons these

2  employees were denied their first rest periods of at least ten (10) minutes for some shifts worked

3  of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten

4  (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and

5  a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10)

6  hours or more from time to time.  When they were provided with rest breaks, PLAINTIFF and

7  other CALIFORNIA CLASS Members were, from time to time, required to remain on duty and/or

8  on call. PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-

9  hour wages *in lieu* thereof.  As a result of their rigorous work schedules and DEFENDANTS'

10  inadequate staffing, PLAINTIFF and other CALIFORNIA CLASS Members were from time to

11  time denied their proper rest periods by DEFENDANTS and DEFENDANTS' managers.

12  **C.  Regular Rate Violation – Overtime, Sick Pay and Meal and Rest Period Premiums**

13      17.    From time-to-time during the CLASS PERIOD, DEFENDANTS failed and

14  continue to fail to accurately calculate and pay PLAINTIFF and the other CALIFORNIA CLASS

15  Members for their overtime hours worked, meal and rest period premiums, and sick pay.  As a

16  result, PLAINTIFF and the other CALIFORNIA CLASS Members forfeited wages due them for

17  working overtime without compensation at the correct overtime, meal and rest period premiums,

18  and sick pay rates. DEFENDANTS' uniform policy and practice to not pay the PLAINTIFF and

19  the CALIFORNIA CLASS the correct overtime rate for all overtime worked, meal and rest period

20  premiums, and sick pay in accordance with applicable law is evidenced by DEFENDANTS'

21  business records.

22      18.    State law provides that employees must be paid overtime at one-and-one half times

23  their "regular rate of pay."  PLAINTIFF and other CALIFORNIA CLASS Members were

24  compensated at an hourly rate plus incentive pay that was tied to specific elements of an

25  employee's performance.

26      19.    The second component of PLAINTIFF's and other CALIFORNIA CLASS

27  Member's compensation was DEFENDANTS' non-discretionary incentive program that paid

28  PLAINTIFF and other CALIFORNIA CLASS Members incentive wages based on their

performance for DEFENDANTS. The non-discretionary bonus program provided all employees paid on an hourly basis with bonus, and/or commission compensation when the employees met the various performance goals set by DEFENDANTS. Additionally, DEFENDANT gave PLAINTIFF and the CALIFORNIA CLASS received bonuses when the employees met various performance goals set by DEFENDANT.

20.    However, from-time-to-time, when calculating the regular rate of pay, in those pay periods where PLAINTIFF and the CALIFORNIA CLASS Members worked overtime and earned this non-discretionary bonus, commission, or incentive DEFENDANTS failed to accurately include the non-discretionary bonus compensation and/or incentive paid as part of the employees' "regular rate of pay" and/or calculated all hours worked rather than just all non-overtime hours worked. Further, when calculating the regular rate of pay in order to pay sick pay to PLAINTIFF and the CALIFORNIA CLASS, DEFENDANTS failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating sick pay. Management and supervisors described the incentive/bonus program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFF and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a systematic underpayment of overtime and/or sick pay compensation to PLAINTIFF and other CALIFORNIA CLASS Members by DEFENDANTS.

21.    As a matter of law, the incentive and commission compensation received by PLAINTIFFS and other CALIFORNIA CLASS members must be included and correctly calculated into the "regular rate of pay" for purposes of overtime compensation, meal and rest period premiums, and sick pay. DEFENDANTS' failure to do so has resulted in DEFENDANTS' systematic underpayment of overtime compensation, meal and rest period premiums, and sick pay to PLAINTIFF and other CALIFORNIA CLASS members. Specifically, California Labor Code Section 246 mandates that paid sick time for non-employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the non-exempt employee uses paid sick time, whether or not the employee actually works overtime in that workweek.

1  DEFENDANT'S conduct, as articulated herein, by failing to include the incentive compensation

2  as part of the "regular rate of pay" for purposes of sick pay compensation was in violation of Cal.

3  Lab. Code § 246.

4    22.    In violation of the applicable sections of the California Labor Code and the

5  requirements of the Industrial Welfare Commission ("IWC") Wage Order, DEFENDANTS as a

6  matter of company policy, practice, and procedure, intentionally, and knowingly failed to

7  compensate PLAINTIFF and the CALIFORNIA CLASS at the correct rate of pay for all overtime

8  and/or sick pay compensation.  This uniform policy and practice of DEFENDANTS is intended

9  to purposefully avoid the payment of the correct overtime and/or sick pay compensation as

10  required by California law which allowed DEFENDANTS to illegally profit and gain an unfair

11  advantage over competitors who complied with the law.  To the extent equitable tolling operates

12  to toll claims by the CALIFORNIA CLASS against DEFENDANTS, the CLASS PERIOD should

13  be adjusted accordingly.

14    **D. Wage Statement Violations**

15    23.    California Labor Code Section 226 requires an employer to furnish its employees

16  an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked,

17  (3) the number of piece-rate units earned and any applicable piece-rate, (4) all deductions, (5) net

18  wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name

19  of the employee and only the last four digits of the employee's social security number or an

20  employee identification number other than a social security number, (8) the name and address of

21  the legal entity that is the employer and, (9) all applicable hourly rates in effect during the pay

22  period and the corresponding number of hours worked at each hourly rate by the employee.

23    24.    From time to time during the CLASS PERIOD, when PLAINTIFF and other

24  CALIFORNIA CLASS Members missed meal and rest breaks, or were paid inaccurate missed

25  meal and rest period premiums, or were not paid for all hours worked, DEFENDANTS also failed

26  to provide PLAINTIFF and other CALIFORNIA CLASS Members with complete and accurate

27  wage statements which failed to show, among other things, the total hours worked and all

28  applicable hourly rates in effect during the pay period and the corresponding amount of time

worked at each hourly rate, correct rates of pay for penalty payments or missed meal and rest periods.

25.    In addition to the violations described above, DEFENDANTS, from time to time, failed to provide PLAINTIFF and the CALIFORNIA CLASS Members with wage statements that comply with Cal. Lab. Code § 226. Specifically, DEFENDANTS failed to include the correct total number of hours worked on the wage statements.

26.    As a result, DEFENDANTS issued PLAINTIFF and the other members of the CALIFORNIA CLASS with wage statements that violate Cal. Lab. Code § 226. Further, DEFENDANTS' violations are knowing and intentional, were not isolated or due to an unintentional payroll error due to clerical or inadvertent mistake.

**E. Off-the-Clock Work Resulting in Minimum Wage and Overtime Violations**

27.    During the CLASS PERIOD, from time-to-time DEFENDANTS failed and continue to fail to accurately pay PLAINTIFF and the other members of the CALIFORNIA CLASS for all hours worked. Specifically, DEFENDANT from time-to-time required PLAINTIFF and the other members of the CALIFORNIA CLASS to perform off-the-clock pre-shift and post-shift work.

28.    During the CLASS PERIOD, from time-to-time DEFENDANTS required PLAINTIFF and other members of the CALIFORNIA CLASS to perform work off-the-clock, including but not limited to, being required to tend to DEFENDANTS' winery and distillery operations during meal breaks.  This resulted in PLAINTIFF and other members of the CALIFORNIA CLASS to have to work while off-the-clock.

29.    DEFENDANTS directed and directly benefited from the uncompensated off-the-clock work performed by PLAINTIFF and the other members of the CALIFORNIA CLASS.

30.    DEFENDANTS controlled the work schedules, duties, protocols, applications, assignments, and employment conditions of PLAINTIFF and the other members of the CALIFORNIA CLASS.

31.    DEFENDANTS were able to track the amount of time PLAINTIFF and the other members of the CALIFORNIA CLASS spent working; however, DEFENDANTS failed to

document, track, or pay PLAINTIFF and the other members of the CALIFORNIA CLASS all wages earned and owed for all the work they performed, including pre-shift, post shift and during meal period off-the-clock work.

32.    PLAINTIFF and the other members of the CALIFORNIA CLASS were non-exempt employees, subject to the requirements of the California Labor Code.

33.    DEFENDANTS' policies and practices deprived PLAINTIFF and the other members of the CALIFORNIA CLASS of all minimum, regular, overtime, and double time wages owed for the off-the-clock work activities. Because PLAINTIFF and the other members of the CALIFORNIA CLASS typically worked over 40 hours in a workweek, and more than eight (8) hours per day, DEFENDANTS' policies and practices also deprived them of overtime pay.

34.    DEFENDANTS knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS off-the-clock work was compensable under the law.

35.    As a result, PLAINTIFF and the other members of the CALIFORNIA CLASS forfeited wages due them for all hours worked at DEFENDANTS' direction, control and benefit for the time spent tending to the operational needs of DEFENDANTS' wineries and distilleries while off-the-clock. DEFENDANTS' uniform policy and practice to not pay PLAINTIFF and the members of the CALIFORNIA CLASS wages for all hours worked in accordance with applicable law is evidenced by DEFENDANTS' business records.

**F.    Unreimbursed Business Expenses**

36.    DEFENDANT as a matter of corporate policy, practice, and procedure, intentionally, knowingly, and systematically failed to reimburse and indemnify the PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by the PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT. Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer,

1  even though unlawful, unless the employee, at the time of obeying the directions, believed them
2  to be unlawful."

3      37.    In the course of their employment, DEFENDANT required PLAINTIFF and other
4  CALIFORNIA CLASS Members to incur personal expenses for the use of their personal cell
5  phones as a result of and in furtherance of their job duties. Specifically, PLAINTIFF and other
6  CALIFORNIA CLASS Members were required to use their personal cell phones in order to
7  perform work related tasks. However, DEFENDANT unlawfully failed to reimburse PLAINTIFF
8  and other CALIFORNIA CLASS Members for the personal expenses incurred for the use of their
9  personal cell phones. As a result, in the course of their employment with DEFENDANT, the
10 PLAINTIFF and other CALIFORNIA CLASS Members incurred unreimbursed business
11 expenses that included, but were not limited to, costs related to the use of their personal cell
12 phones, all on behalf of and for the benefit of DEFENDANT.

13 **G. CLASS ACTION ALLEGATIONS**

14     38.    PLAINTIFF bring this Class Action on behalf of himself, and a California class
15 defined as all persons who are or previously were employed by DEFENDANT in California and
16 classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period
17 beginning four (4) years prior to the filing of this Complaint and ending on the date as determined
18 by the Court (the "CLASS PERIOD").

19     39.    PLAINTIFF and the other CALIFORNIA CLASS Members have uniformly been
20 deprived of wages and penalties from unpaid wages earned and due, including but not limited to
21 unpaid minimum wages, unpaid overtime compensation, unpaid meal and rest period premiums,
22 illegal meal and rest period policies, failed to reimburse for business expenses, failed compensate
23 for off-the-clock work, failure to provide accurate itemized wage statements, failure to maintain
24 required records, and interest, statutory and civil penalties, attorney's fees, costs, and expenses.

25     40.    The members of the class are so numerous that joinder of all class members is
26 impractical.

27     41.    Common questions of law and fact regarding DEFENDANTS' conduct, including
28 but not limited to, the off-the-clock work, unpaid mean and rest period premiums, failure to

1  accurately calculate the regular rate of pay for overtime compensation, failure to accurately

2  calculate the regular rate of compensation for missed meal and rest period premiums, failing to

3  provide legally compliant meal and rest periods, failed to reimburse for business expenses, failure

4  to provide accurate itemized wage statements accurate, and failure to ensure they are paid at least

5  minimum wage and overtime, exist as to all members of the class and predominate over any

6  questions affecting solely any individual members of the class. Among the questions of law and

7  fact common to the class are:

8        a.   Whether DEFENDANTS maintained legally compliant meal period policies and

9             practices;

10       b.   Whether DEFENDANTS maintained legally compliant rest period policies and

11            practices;

12       c.   Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA

13            CLASS Members accurate premium payments for missed meal and rest periods;

14       d.   Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA

15            CLASS Members accurate overtime wages;

16       e.   Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA

17            CLASS Members accurate sick pay;

18       f.   Whether DEFENDANTS failed to pay PLAINTIFF and the CALIFORNIA

19            CLASS Members at least minimum wage for all hours worked;

20       g.   Whether DEFENDANTS issued legally compliant wage statements;

21       h.   Whether DEFENDANTS failed to reimburse PLAINTIFF and the CALIFORNIA

22            CLASS Members for all business expenses;

23       i.   Whether DEFENDANTS committed an act of unfair competition by

24            systematically failing to record and pay PLAINTIFF and the other members of the

25            CALIFORNIA CLASS for all time worked;

26       j.   Whether DEFENDANTS committed an act of unfair competition by

27            systematically failing to record all meal and rest breaks missed by PLAINTIFF

28            and other CALIFORNIA CLASS Members, even though DEFENDANTS enjoyed

**CLASS ACTION COMPLAINT**

1    the benefit of this work, required employees to perform this work and permits or

2    suffers to permit this work;

3        k.    Whether DEFENDANTS committed an act of unfair competition in violation of

4            the UCL, by failing to provide the PLAINTIFF and the other members of the

5            CALIFORNIA CLASS with the legally required meal and rest periods.

6    42.    PLAINTIFF is a member of the CALIFORNIA CLASS and suffered damages as

7    a result of DEFENDANTS' conduct and actions alleged herein.

8    43.    PLAINTIFF's claims are typical of the claims of the class, and PLAINTIFF has

9    the same interests as the other members of the class.

10    44.    PLAINTIFF will fairly and adequately represent and protect the interests of the

11    CALIFORNIA CLASS Members.

12    45.    PLAINTIFF retained able class counsel with extensive experience in class action

13    litigation.

14    46.    Further, PLAINTIFF's interests are coincident with, and not antagonistic to, the

15    interests of the other CALIFORNIA CLASS Members.

16    47.    There is a strong community of interest among PLAINTIFF and the members of

17    the CALIFORNIA CLASS to, inter alia, ensure that the combined assets of DEFENDANTS are

18    sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries

19    sustained.

20    48.    The questions of law and fact common to the CALIFORNIA CLASS Members

21    predominate over any questions affecting only individual members, including legal and factual

22    issues relating to liability and damages.

23    49.    A class action is superior to other available methods for the fair and efficient

24    adjudication of this controversy because joinder of all class members in impractical. Moreover,

25    since the damages suffered by individual members of the class may be relatively small, the

26    expense and burden of individual litigation makes it practically impossible for the members of the

27    class individually to redress the wrongs done to them. Without class certification and

28    determination of declaratory, injunctive, statutory and other legal questions within the class

**CLASS ACTION COMPLAINT**

1  format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will

2  create the risk of:

    a.  Inconsistent or varying adjudications with respect to individual members of the

        CALIFORNIA CLASS which would establish incompatible standards of conduct

        for the parties opposing the CALIFORNIA CLASS; and/or,

    b.  Adjudication with respect to individual members of the CALIFORNIA CLASS

        which would as a practical matter be dispositive of the interests of the other

        members not party to the adjudication or substantially impair or impeded their

        ability to protect their interests.

50.    Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANTS.

### FIRST CAUSE OF ACTION

**Unlawful Business Practices**

**(Cal. Bus. And Prof. Code §§ 17200, *et seq.*)**

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

51.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

52.    DEFENDANT is a "person" as that term is defined under Cal. Bus. And Prof. Code § 17021.

53.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice. Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

Any person who engages, has engaged, or proposes to engage in unfair competition

may be enjoined in any court of competent jurisdiction. The court may make such

orders or judgments, including the appointment of a receiver, as may be necessary

Exhibit A

to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition. (Cal. Bus. & Prof. Code § 17203).

54.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 226, 226.7, 246, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802 for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. & Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

55.     By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violated public policy, were immoral, unethical, oppressive unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

56.     By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's uniform policy and practice failed to provide the legally mandated meal and rest periods and the required amount of compensation for missed meal and rest periods and, due to a systematic business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

57.     By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

Exhibit A

58.     By the conduct alleged herein, DEFENDANT's practices were also unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures failed to provide legally required meal and/or rest breaks to PLAINTIFF and the CALIFORNIA CLASS members as required by Cal. Lab. Code §§ 226.7 and 512.

59.     Therefore, PLAINTIFF demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

60.     PLAINTIFF further demands on behalf of himself and on behalf of each CALIFORNIA CLASS member, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

61.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

62.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive, and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

63.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

64.    PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair, and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

65.    PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

## SECOND CAUSE OF ACTION

### Failure To Pay Minimum Wages

### (Cal. Lab. Code §§ 1194, 1197 and 1197.1.)

### (Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)

66.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

67.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANT'S willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT'S failure to accurately calculate and pay minimum wages to PLAINTIFF and the CALIFORNIA CLASS Members.

68.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

69.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

Exhibit A

1    70.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

2  including minimum wage compensation and interest thereon, together with the costs of suit.

3    71.    DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the

4  other members of the CALIFORNIA CLASS without regard to the correct amount of time they

5  worked. As set forth herein, DEFENDANT'S uniform policy and practice was to unlawfully and

6  intentionally deny timely payment of wages due to PLAINTIFF and the other members of the

7  CALIFORNIA CLASS.

8    72.    DEFENDANT'S uniform pattern of unlawful wage and hour practices manifested,

9  without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of

10  implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF

11  and the other members of the CALIFORNIA CLASS in regards to minimum wage pay.

12    73.    In committing these violations of the California Labor Code, DEFENDANT

13  inaccurately calculated the amount of time worked and consequently underpaid the actual time

14  worked by PLAINTIFF and other members of the CALIFORNIA CLASS. DEFENDANT acted

15  in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of

16  the California Labor Code, the Industrial Welfare Commission requirements and other applicable

17  laws and regulations.

18    74.    As a direct result of DEFENDANT'S unlawful wage practices as alleged herein,

19  PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive the correct

20  minimum wage compensation for their time worked for DEFENDANT.

21    75.    During the CLASS PERIOD, PLAINTIFF and the other members of the

22  CALIFORNIA CLASS were paid less for time worked than they were entitled to, constituting a

23  failure to pay all earned wages.

24    76.    By virtue of DEFENDANT'S unlawful failure to accurately pay all earned

25  compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for the true

26  time they worked, PLAINTIFF and the other members of the CALIFORNIA CLASS have

27  suffered and will continue to suffer an economic injury in amounts which are presently unknown

28  to them, and which will be ascertained according to proof at trial.

Exhibit A

77.     DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA CLASS are under-compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of uniform corporate policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other members of the CALIFORNIA CLASS the correct minimum wages for their time worked.

78.     In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

79.     PLAINTIFF and the other members of the CALIFORNIA CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, DEFENDANT'S conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA CLASS Members. DEFENDANT'S conduct as alleged herein was willful, intentional and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS Members are entitled to seek and recover statutory costs.

///

### THIRD CAUSE OF ACTION

**Failure To Pay Overtime Compensation**

**(Cal. Lab. Code §§ 510, 1194 and 1198)**

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

80.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

81.    PLAINTIFF and the other members of the CALIFORNIA CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to pay these employees for all overtime worked, including, work performed in excess of eight (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

82.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

83.    Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours per workday and more than forty (40) hours per workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

84.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage and overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 further states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

85.    During the CLASS PERIOD, PLAINTIFF and CALIFORNIA CLASS Members were required by DEFENDANT to work for DEFENDANT and were not paid for all the time they worked, including overtime work.

86.    DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA CLASS as a whole, as a result of implementing a uniform policy and practice that failed to accurately record overtime worked by

1  PLAINTIFF and other CALIFORNIA CLASS Members and denied accurate compensation to

2  PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked,

3  including, the overtime work performed in excess of eight (8) hours in a workday, and/or twelve

4  (12) hours in a workday, and/or forty (40) hours in any workweek.

5      87.    In committing these violations of the California Labor Code, DEFENDANT

6  inaccurately recorded overtime worked and consequently underpaid the overtime worked by

7  PLAINTIFF and other CALIFORNIA CLASS Members. DEFENDANT acted in an illegal

8  attempt to avoid the payment of all earned wages, and other benefits in violation of the California

9  Labor Code, the Industrial Welfare Commission requirements and other applicable laws and

10  regulations.

11     88.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

12  the PLAINTIFF and the other members of the CALIFORNIA CLASS did not receive full

13  compensation for overtime worked.

14     89.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

15  from the overtime requirements of the law. None of these exemptions are applicable to the

16  PLAINTIFF and the other members of the CALIFORNIA CLASS. Further, PLAINTIFF and the

17  other members of the CALIFORNIA CLASS were not subject to a valid collective bargaining

18  agreement that would preclude the causes of action contained herein this Complaint. Rather,

19  PLAINTIFF brings this Action on behalf of himself and the CALIFORNIA CLASS based on

20  DEFENDANT's violations of non- negotiable, non-waivable rights provided by the State of

21  California.

22     90.    During the CLASS PERIOD, PLAINTIFF and the other members of the

23  CALIFORNIA CLASS have been paid less for overtime worked that they are entitled to,

24  constituting a failure to pay all earned wages.

25     91.    DEFENDANT failed to accurately pay the PLAINTIFF and the other members of

26  the CALIFORNIA CLASS overtime wages for the time they worked which was in excess of the

27  maximum hours permissible by law as required by Cal. Lab. Code §§ 510, 1194 & 1198, even

28  though PLAINTIFF and the other members of the CALIFORNIA CLASS were required to work,

1    and did in fact work, overtime as to which DEFENDANT failed to accurately record and pay as

2    evidenced by DEFENDANT's business records and witnessed by employees.

3         92.    By virtue of DEFENDANT'S unlawful failure to accurately pay all earned

4    compensation to PLAINTIFF and the other members of the CALIFORNIA CLASS for all

5    overtime worked by these employees, PLAINTIFF and the other members of the CALIFORNIA

6    CLASS have suffered and will continue to suffer an economic injury in amounts which are

7    presently unknown to them, and which will be ascertained according to proof at trial.

8         93.    DEFENDANTS knew or should have known that PLAINTIFF and the other

9    members of the CALIFORNIA CLASS were under compensated for all overtime worked.

10   DEFENDANT systematically elected, either through intentional malfeasance or gross

11   nonfeasance, to not pay employees for their labor as a matter of uniform company policy, practice

12   and procedure, and DEFENDANT perpetrated this systematic scheme by refusing to pay

13   PLAINTIFF and the other members of the CALIFORNIA CLASS for overtime worked.

14        94.    In performing the acts and practices herein alleged in violation of California labor

15   laws, and refusing to compensate the members of the CALIFORNIA CLASS for all overtime

16   worked and provide them with the requisite overtime compensation, DEFENDANT acted and

17   continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

18   members of the CALIFORNIA CLASS with a conscious and utter disregard for their legal rights,

19   or the consequences to them, and with the despicable intent of depriving them of their property

20   and legal rights, and otherwise causing them injury in order to increase company profits at the

21   expense of these employees.

22        95.    PLAINTIFF and the other members of the CALIFORNIA CLASS therefore

23   request recovery of all unpaid wages, including overtime wages, according to proof, interest,

24   statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a

25   sum as provided by the California Labor Code and/or other applicable statutes. To the extent

26   minimum and/or overtime compensation is determined to be owed to the CALIFORNIA CLASS

27   Members who have terminated their employment, DEFENDANT's conduct also violates Labor

28   Code §§ 201 and/or 202, and therefore these employees would also be entitled to waiting time

Exhibit A

1  penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these
2  CALIFORNIA CLASS Members. DEFENDANT's conduct as alleged herein was willful,
3  intentional, and not in good faith. Further, PLAINTIFF and other CALIFORNIA CLASS
4  Members are entitled to seek and recover statutory costs.

**FOURTH CAUSE OF ACTION**

**Failure To Provide Required Meal Periods**

**(Cal. Lab. Code §§ 226.7 & 512)**

**(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

9  96.    PLAINTIFF and the other members of the CALIFORNIA CLASS, reallege and
10  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
11  Complaint.

12  97.    During the CLASS PERIOD, DEFENDANT failed to provide all the legally
13  required off-duty meal breaks to PLAINTIFF and the other CALIFORNIA CLASS Members as
14  required by the applicable Wage Order and Labor Code. The nature of the work performed by
15  PLAINTIFF and CALIFORNIA CLASS MEMBERS did not prevent these employees from being
16  relieved of all of their duties for the legally required off-duty meal periods. As a result of their
17  rigorous work schedules, PLAINTIFF and other CALIFORNIA CLASS Members were often not
18  fully relieved of duty by DEFENDANT for their meal periods. Additionally, DEFENDANT's
19  failure to provide PLAINTIFF and the CALIFORNIA CLASS Members with legally required
20  meal breaks prior to their fifth (5th) hour of work is evidenced by DEFENDANT's business
21  records.  Further, DEFENDANT failed to provide PLAINTIFF and CALIFORNIA CLASS
22  Members with a second off-duty meal period in some workdays in which these employees were
23  required by DEFENDANT to work ten (10) hours of work.  As a result, PLAINTIFF and other
24  members of the CALIFORNIA CLASS forfeited meal breaks without additional compensation
25  and in accordance with DEFENDANT's strict corporate policy and practice.

26  98.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable
27  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members
28  who were not provided a meal period, in accordance with the applicable Wage Order, one

Exhibit A

Exhibit A

1  additional hour of compensation at each employee's regular rate of pay for each workday that a
2  meal period was not provided.

3      99.    As a proximate result of the aforementioned violations, PLAINTIFF and
4  CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial,
5  and seek all wages earned and due, interest, penalties, expenses and costs of suit.

6                          **FIFTH CAUSE OF ACTION**

7                     **Failure To Provide Required Rest Periods**

8                       **(Cal. Lab. Code §§ 226.7 & 512)**

9      **(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

10     100.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and
11  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this
12  Complaint.

13     101.    From time to time, PLAINTIFF and other CALIFORNIA CLASS Members were
14  required to work in excess of four (4) hours without being provided ten (10) minute rest periods.
15  Further, these employees were denied their first rest periods of at least ten (10) minutes for some
16  shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10)
17  minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and
18  third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more.
19  PLAINTIFF and other CALIFORNIA CLASS Members were also not provided with one-hour
20  wages in lieu thereof. As a result of their rigorous work schedules, PLAINTIFF and other
21  CALIFORNIA CLASS Members were periodically denied their proper rest periods by
22  DEFENDANT and DEFENDANT's managers.  As a result, DEFENDANT's failure to provide
23  PLAINTIFF and the CALIFORNIA CLASS Members with all the legally required paid rest
24  periods is evidenced by DEFENDANT's business records.

25     102.    DEFENDANT further violated California Labor Code §§ 226.7 and the applicable
26  IWC Wage Order by failing to compensate PLAINTIFF and CALIFORNIA CLASS Members
27  who were not provided a rest period, in accordance with the applicable Wage Order, one

28

Exhibit A

Exhibit A

1  additional hour of compensation at each employee's regular rate of pay for each workday that rest

2  period was not provided.

3          103.    As a proximate result of the aforementioned violations, PLAINTIFF and

4  CALIFORNIA CLASS Members have been damaged in an amount according to proof at trial,

5  and seek all wages earned and due, interest, penalties, expenses and costs of suit.

6                          **SIXTH CAUSE OF ACTION**

7                  **Failure To Provide Accurate Itemized Statements**

8                          **(Cal. Lab. Code §§ 226)**

9          **(Alleged By PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

10         104.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

11  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

12  Complaint.

13         105.    Cal. Labor Code § 226 provides that an employer must furnish employees with an

14  "accurate itemized" statement in writing showing:

15         1.      Gross wages earned,
        2.      total hours worked by the employee, except for any employee whose
16      compensation is solely based on a salary and who is exempt from payment of
        overtime under subdivision (a) of Section 515 or any applicable order of the
17      Industrial Welfare Commission,
        3.      the number of piecerate units earned and any applicable piece rate if the
18      employee is paid on a piece-rate basis,
        4.      all deductions, provided that all deductions made on written orders of the
19      employee may be aggregated and shown as one item,
        5.      net wages earned,
20      6.      the inclusive dates of the period for which the employee is paid,
        7.      the name of the employee and his or her social security number, except that
21      by January 1, 2008, only the last four digits of his or her social security number of
        an employee identification number other than social security number may be shown
22      on the itemized statement,
        8.      the name and address of the legal entity that is the employer, and
23      9.      all applicable hourly rates in effect during the pay period and the
        corresponding number of hours worked at each hourly rate by the employee.
24
25         106.    When DEFENDANT did not accurately record PLAINTIFF's and other
26  CALIFORNIA CLASS Members' wages, and missed meal and rest breaks, DEFENDANT
27  violated Cal. Lab. Code § 226 in that DEFENDANT failed to provide an accurate wage statement
28  in writing that properly and accurately itemizes all wages, and missed meal and rest periods and

Exhibit A

1  reporting time wages owed to PLAINTIFF and the other members of the CALIFORNIA CLASS

2  and thereby also failed to set forth the correct wages earned by the employees. During the CLASS

3  PERIOD, DEFENDANTS also failed to provide PLAINTIFF and the other members of the

4  CALIFORNIA CLASS with complete and accurate wage statements which failed to accurately

5  show, among other things, (1) total number of hours worked, (2) net wages earned, (3) gross

6  wages earned; and (4) all applicable hourly rates in effect during the pay period and the

7  corresponding number of hours worked at each hourly rate by the employee in violation of

8  California Labor Code Section 226(a). In addition to the foregoing, DEFENDANTS failed to

9  provide itemized wage statements to PLAINTIFF and members of the CALIFORNIA CLASS

10  that complied with the requirements of California Labor Code Section 226.

11      107.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab. Code

12  § 226, causing injury and damages to PLAINTIFF and the other members of the CALIFORNIA

13  CLASS. These damages include, but are not limited to, costs expended calculating the correct

14  wages for all missed meal and rest breaks and the amount of employment taxes which were not

15  properly paid to state and federal tax authorities. These damages are difficult to estimate.

16  Therefore, PLAINTIFF and the other members of the CALIFORNIA CLASS may elect to recover

17  liquidated damages of fifty dollars ($50.00) for the initial pay period in which the violation

18  occurred, and one hundred dollars ($100.00) for each violation in a subsequent pay period

19  pursuant to Cal. Lab. Code § 226, in an amount according to proof at the time of trial (but in no

20  event more than four thousand dollars ($4,000.00) for PLAINTIFF and each respective member

21  of the CALIFORNIA CLASS herein).

22                          **SEVENTH CAUSE OF ACTION**

23                  **Failure To Reimburse Employees for Required Expenses**

24                              **(Cal. Lab. Code §§ 2802)**

25      **(Alleged by PLAINTIFF and the CALIFORNIA CLASS against all Defendants)**

26      108.    PLAINTIFF, and the other members of the CALIFORNIA CLASS, reallege and

27  incorporate by this reference, as though fully set forth herein, the prior paragraphs of this

28  Complaint.

109.    Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

110.    From time to time during the CLASS PERIOD, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. DEFENDANT failed to reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses which included, but were not limited to, personal expenses incurred for the use of personal cell phones all on behalf of and for the benefit of DEFENDANT. Specifically, PLAINTIFF and other CALIFORNIA CLASS Members were required by DEFENDANT to use their own cell phones to execute their essential job duties on behalf of DEFENDANT. DEFENDANT's uniform policy, practice and procedure was to not reimburse PLAINTIFF and the CALIFORNIA CLASS members for expenses resulting from the use of personal cell phones for DEFENDANT within the course and scope of their employment for DEFENDANT. These expenses were necessary to complete their principal job duties. DEFENDANT is estopped by DEFENDANT's conduct to assert any waiver of this expectation. Although these expenses were necessary expenses incurred by PLAINTIFF and the CALIFORNIA CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

111.    PLAINTIFF therefore demand reimbursement for expenditures or losses incurred by him and the CALIFORNIA CLASS members in the discharge of their job duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for a judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

a. That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

b. An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

c. An order requiring DEFENDANT to pay all overtime wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CALIFORNIA CLASS; and

d. Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CALIFORNIA CLASS.

2. On behalf of the CALIFORNIA CLASS:

a. That the Court certify the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

b. Compensatory damages, according to proof at trial, including compensatory damages for overtime compensation and separately owed rest periods, due to PLAINTIFF and the other members of the CALIFORNIA CLASS, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

c. Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and the applicable IWC Wage Order;

d. The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226

///

3. On all claims:

    a.   An award of interest, including prejudgment interest at the legal rate;

    b.   Such other and further relief as the Court deems just and equitable; and

    c.   An award of penalties, attorneys' fees and costs of suit, as allowable under the law.

DATED:   September 1, 2022        **JCL LAW FIRM, APC**

By: _____

Jean-Claude Lapuyade, Esq.
Attorney for PLAINTIFF

## DEMAND FOR A JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

DATED:   September 1, 2022        **JCL LAW FIRM, APC**

By: _____

Jean-Claude Lapuyade, Esq.
Attorney for PLAINTIFF

**CLASS ACTION COMPLAINT**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PERFORMANCE FOOD GROUP, INC., a Colorado corporation; and
DOES 1-50, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARCOS RODRIGUEZ, an individual, on behalf of himself and on
behalf of all persons similarly situated,

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
09/01/2022
Chad Finke, Executive Officer / Clerk of the Court
By: _A. Linhares_ Deputy

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Alameda Superior Court - Hayward Hall of Justice<br>24405 Amador Street<br>Hayward, CA 94544 | CASE NUMBER:<br>*(Número del Caso):*  22CV017191 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jean-Claude Lapuyade, Esq.    SBN:248676    Tel: (619) 599-8292  Fax: (858) 599-8291
JCL Law Firm, APC - 5440 Morehouse Drive, Suite 3600, San Diego, CA 92121

| DATE:<br>*(Fecha)* 09/01/2022  Chad Finke, Executive Officer / Clerk of the Court | Clerk, by _A. Linhares_ , Deputy |
|---|---|
| | *(Secretario)*                              *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* PERFORMANCE FOOD GROUP, INC.

  under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1. 2004]                    **SUMMONS**                    Code of Civil Procedure §§ 412.20, 465

**Exhibit B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jean-Claude Lapuyade, Esq. (SBN 248676)<br>JCL Law Firm, APC<br>5440 Morehouse Drive, Suite 3600<br>San Diego, CA 92121<br>TELEPHONE NO.: 619-599-8292   FAX NO.: 619-599-8291<br>ATTORNEY FOR *(Name):* Marcos Rodriguez | **Exhibit C**<br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>**09/01/2022 at 04:18:20 PM**<br>By: Angela Linhares,<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Alameda
STREET ADDRESS: 24405 Amador Street
MAILING ADDRESS: 24405 Amador Street
CITY AND ZIP CODE: Hayward, CA 94544
BRANCH NAME: Hayward Hall of Justice

CASE NAME:
Marcos Rodriguez v. Performance Food Group, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**  ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **22CV017191** |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☑ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☑ Large number of separately represented parties          d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel        e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence              f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* VIOLATION OF CA BUS. & PROF. CODE §§ 17200, et seq., et al.
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 1, 2022
Jean-Claude Lapuyade, Esq.
_____
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

 Exhibit C

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
    Auto (22)–Personal Injury/Property
        Damage/Wrongful Death
    Uninsured Motorist (46) *(if the
        case involves an uninsured
        motorist claim subject to
        arbitration, check this item
        instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
    Asbestos (04)
        Asbestos Property Damage
        Asbestos Personal Injury/
            Wrongful Death
    Product Liability *(not asbestos or
        toxic/environmental)* (24)
    Medical Malpractice (45)
        Medical Malpractice–
            Physicians & Surgeons
        Other Professional Health Care
            Malpractice
    Other PI/PD/WD (23)
        Premises Liability (e.g., slip
            and fall)
        Intentional Bodily Injury/PD/WD
            (e.g., assault, vandalism)
        Intentional Infliction of
            Emotional Distress
        Negligent Infliction of
            Emotional Distress
        Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
    Business Tort/Unfair Business
        Practice (07)
    Civil Rights (e.g., discrimination,
        false arrest) *(not civil
        harassment)* (08)
    Defamation (e.g., slander, libel)
        (13)
    Fraud (16)
    Intellectual Property (19)
    Professional Negligence (25)
        Legal Malpractice
        Other Professional Malpractice
            *(not medical or legal)*
    Other Non-PI/PD/WD Tort (35)
**Employment**
    Wrongful Termination (36)
    Other Employment (15)

**Contract**
    Breach of Contract/Warranty (06)
        Breach of Rental/Lease
            Contract *(not unlawful detainer
                or wrongful eviction)*
        Contract/Warranty Breach–Seller
            Plaintiff *(not fraud or negligence)*
        Negligent Breach of Contract/
            Warranty
        Other Breach of Contract/Warranty
    Collections (e.g., money owed, open
        book accounts) (09)
        Collection Case–Seller Plaintiff
        Other Promissory Note/Collections
            Case
    Insurance Coverage *(not provisionally
        complex)* (18)
        Auto Subrogation
        Other Coverage
    Other Contract (37)
        Contractual Fraud
        Other Contract Dispute
**Real Property**
    Eminent Domain/Inverse
        Condemnation (14)
    Wrongful Eviction (33)
    Other Real Property (e.g., quiet title) (26)
        Writ of Possession of Real Property
        Mortgage Foreclosure
        Quiet Title
        Other Real Property *(not eminent
            domain, landlord/tenant, or
            foreclosure)*
**Unlawful Detainer**
    Commercial (31)
    Residential (32)
    Drugs (38) *(if the case involves illegal
        drugs, check this item; otherwise,
        report as Commercial or Residential)*
**Judicial Review**
    Asset Forfeiture (05)
    Petition Re: Arbitration Award (11)
    Writ of Mandate (02)
        Writ–Administrative Mandamus
        Writ–Mandamus on Limited Court
            Case Matter
        Writ–Other Limited Court Case
            Review
    Other Judicial Review (39)
        Review of Health Officer Order
        Notice of Appeal–Labor
            Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
    Antitrust/Trade Regulation (03)
    Construction Defect (10)
    Claims Involving Mass Tort (40)
    Securities Litigation (28)
    Environmental/Toxic Tort (30)
    Insurance Coverage Claims
        *(arising from provisionally complex
        case type listed above)* (41)
**Enforcement of Judgment**
    Enforcement of Judgment (20)
        Abstract of Judgment (Out of
            County)
        Confession of Judgment *(non-
            domestic relations)*
        Sister State Judgment
        Administrative Agency Award
            *(not unpaid taxes)*
        Petition/Certification of Entry of
            Judgment on Unpaid Taxes
        Other Enforcement of Judgment
            Case
**Miscellaneous Civil Complaint**
    RICO (27)
    Other Complaint *(not specified
        above)* (42)
        Declaratory Relief Only
        Injunctive Relief Only *(non-
            harassment)*
        Mechanics Lien
        Other Commercial Complaint
            Case *(non-tort/non-complex)*
        Other Civil Complaint
            *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
    Partnership and Corporate
        Governance (21)
    Other Petition *(not specified
        above)* (43)
        Civil Harassment
        Workplace Violence
        Elder/Dependent Adult
            Abuse
        Election Contest
        Petition for Name Change
        Petition for Relief From Late
            Claim
        Other Civil Petition

**CIVIL CASE COVER SHEET**

Exhibit C

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ALAMEDA**

Exhibit D

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Alameda

09/01/2022

Chad Flnke, Executive Officer / Clerk of the Court

By: _____A. Linhares_____ Deputy

COURTHOUSE ADDRESS:
Rene C. Davidson Courthouse
Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF:
Marcos Rodriguez

DEFENDANT:
Performance Food Group, Inc.

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
22CV017191

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

> Date: 12/30/2022    Time: 8:30 AM    Dept.: 21
>
> Location: Rene C. Davidson Courthouse
>           Administration Building, 1221 Oak Street, Oakland, CA 94612

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Exhibit D

Exhibit D

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>09/01/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____A. Linhares_____ Deputy |
| PLAINTIFF/PETITIONER:<br>Marcos Rodriguez | |
| DEFENDANT/RESPONDENT:<br>Performance Food Group, Inc. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22CV017191 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jean Claude Lapuyade
JCL Law Firm
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121

Chad Finke, Executive Officer / Clerk of the Court

Dated: 09/02/2022                    By:

A. Linhares, Deputy Clerk

**CERTIFICATE OF MAILING**

Exhibit D

**Exhibit E**

| | |
|---|---|
| # SUPERIOR COURT OF CALIFORNIA<br># COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Alameda<br>09/02/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: _____ A. Linhares _____ Deputy |

COURTHOUSE ADDRESS:

Rene C. Davidson Courthouse

Administration Building, 1221 Oak Street, Oakland, CA 94612

PLAINTIFF(S):

Marcos Rodriguez

DEFENDANT(S):

Performance Food Group, Inc.

| **NOTICE OF HEARING** | CASE NUMBER:<br><br>22CV017191 |
|---|---|

TO ALL PARTIES:

Notice is hereby given that the above-entitled action has been set for a/an
Complex Determination Hearing _____ on 10/04/2022 ___ at
10:00 AM ___ in Department 21 _____ of the above named court located at
Administration Building, 1221 Oak Street, Oakland, CA 94612 _____.

Chad Finke, Executive Officer / Clerk of the Court
A. Linhares, Deputy Cler.

Dated: 09/02/2022          By: _____
                                    Deputy Clerk

**NOTICE OF HEARING**

**Exhibit E**

Exhibit F

JEAN-CLAUDE LAPUYADE, ESQ./SBN# 248676
ZAKAY LAW GROUP, APC
5440 MOREHOUSE DR., SUITE 3600
SAN DIEGO, CA 92121
619-255-9047
Attorney for: MARCOS RODRIGUEZ
Atty. File No.: 22CV017191

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**09/08/2022 at 03:05:20 PM**
By: Andrel Gospel,
Deputy Clerk

SUPERIOR COURT OF CA., COUNTY OF ALAMEDA
HAYWARD HALL OF JUSTICE

PLAINTIFF     : MARCOS RODRIGUEZ                    Case No. : 22CV017191
DEFENDANT  : PERFORMANCE FOOD GROUP, INC.     **PROOF OF SERVICE OF SUMMONS**

1.    At the time of service I was at least 18 years of age and not a party to this action.

2.    I served copies of the  SUMMONS; COMPLAINT;; CIVIL CASE COVER SHEET; NOTICE OF CASE
                        MANAGEMENT CONFERENCE

3.    a.  Party Served    :  PERFORMANCE FOOD GROUP, INC.
                            C/O: NATIONAL REGISTERED AGENTS, INC.
      b.  Person Served  :  DAISY MONTENEGRO/INTAKE SPECIALIST
                            (AUTHORIZED TO ACCEPT SERVICE)

4.    Address where the party was served:  330 N BRAND BLVC.          SUITE 700
                                    GLENDALE, CA  91203   (Business)

5.    I served the party
      a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to
          receive service of process for the party  (1) on  September 7, 2022  (2) at: 08:55 AM

6.    The "Notice to the person served" (on the summons) was completed as follows:
      c.  on behalf of:  PERFORMANCE FOOD GROUP, INC.
                        C/O: NATIONAL REGISTERED AGENTS, INC.
          under   [xx]  CCP 416.10   (corporation)

7.    **Person who served papers**
      a.  CARMEN GODINEZ                          d.  Fee For Service : $ 115.95
      b.  KNOX ATTORNEY SERVICE                   e.  I am
          1550 HOTEL CIRCLE NORTH SUITE 440            (3)  a registered California process server
          SAN DIEGO, CA 92108                            (i)  an employee
      c.  619-233-9700                                   (ii)  Registration No.: 152
                                                         (iii)  County:  San Diego

8.    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date :  September  8,  2022               Signature: _____
                                                        CARMEN GODINEZ

Exhibit F

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
10/05/2022 at 08:47:09 AM
By: Cheryl Clark,
Deputy Clerk

1
2
3
4
5
6
7

**MCGUIREWOODS LLP**
Sabrina A. Beldner (SBN 221918)
Email: sbeldner@mcguirewoods.com
Andrew W. Russell (SBN 280669)
Email: arussell@mcguirewoods.com
Natalie M. Lagunas (SBN 318634)
Email: nlagunas@mcguirewoods.com
Sarah Y. Oh (SBN 322164)
Email: soh@mcguirewoods.com
1800 Century Park East, 7th Floor
Los Angeles, CA 90067
Telephone: (310) 315-8200
Facsimile: (310) 315-8210

8
9

Attorneys for Defendant
PERFORMANCE FOOD GROUP, INC.

10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

11

## IN AND FOR THE COUNTY OF ALAMEDA

12
13
14
15
16
17
18
19

| | |
|---|---|
| MARCOS RODRIGUEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PERFORMANCE FOOD GROUP, INC., a Colorado corporation; and DOES 1-50, Inclusive,<br><br>Defendants. | CASE NO. 22CV017191<br><br>**DEFENDANT PERFORMANCE FOOD GROUP, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>Complaint Filed:    9/01/2022<br>Complaint Served:    9/07/2022 |

20
21
22
23
24
25
26
27
28

164986674.4

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES

1  Defendant PERFORMANCE FOOD GROUP, INC. ("Defendant"), by and through its

2  undersigned counsel of record and for itself and no other persons or entities, and without waiver or

3  limitation of its right to compel individual arbitration of the claims asserted in this action, which

4  rights are hereby fully and expressly reserved, hereby answers the unverified Class Action Complaint

5  (the "Complaint") filed by Plaintiff MARCOS RODRIGUEZ ("Plaintiff"), as follows:

6  **GENERAL DENIAL**

7  Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendant denies generally

8  and specifically, each and every allegation, statement, matter, and purported cause of action

9  contained in Plaintiff's Complaint, and the whole thereof.  Without limiting the generality of the

10  foregoing, Defendant denies, generally and specifically, that it engaged in any wrongful act or

11  omission with respect to Plaintiff or that he has been injured or damaged and/or has suffered any

12  violations in the manner and/or sums alleged, or at all, as the result of any alleged wrongful act or

13  omission on the part of Defendant or any employee, agent or representative thereof.

14  **AFFIRMATIVE OR OTHER DEFENSES**

15  In further answer to the Complaint, as separate and distinct affirmative defenses, and without

16  assuming the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove,  and

17  without waiver or limitation of its rights with regard to the claims of Plaintiff, including without

18  limitation its right to compel individual arbitration of the claims asserted in this action, which right

19  is hereby fully and expressly reserved, Defendant alleges that each of the following is likely to have

20  evidentiary support after a reasonable opportunity for further investigation or discovery:

21  **FIRST AFFIRMATIVE OR OTHER DEFENSE**

22  (Failure to State a Claim)

23  The Complaint and each and every purported cause of action alleged therein fails to state

24  any claim upon which relief can be granted.

25  **SECOND AFFIRMATIVE OR OTHER DEFENSE**

26  (Statute of Limitations)

27  The Complaint and each and every purported cause of action alleged therein are barred, in

28  whole or in part, by all applicable statutes of limitation including, but not limited to, those set forth

in Civ. Proc. Code §§ 337, 338(a), 339, 340(a) & (b), and/or 343 and/or Cal. Bus. & Prof. Code § 17208.

## THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Estoppel)

Defendant is informed and believes and based thereon alleges that Plaintiff and/or the proposed members of the putative class have engaged in conduct and activities that are the subject of the Complaint, on which Defendant relied to its detriment, and, by reason of such affirmative conduct and activities by them, they are estopped from asserting any claim for restitution for any amounts of compensation against Defendant.

## FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (Laches)

Defendant is informed and believes and based thereon alleges that Plaintiff has unreasonably delayed in pursuing this lawsuit, and that, as a result, Defendant has suffered prejudice due to the passage of time, diminution of memories, and turnover of employees who might be potential witnesses and to the extent that any relevant records have been lost or destroyed.  Such delay and prejudice renders any grant of relief to Plaintiff or the putative class members that she seeks to represent inequitable.

## FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Consent)

The Complaint and each and every purported cause of action alleged therein are barred by the doctrine of consent, including without limitation with respect to Plaintiff's consent and/or agreement based on his acceptance of notice given, compensation paid or other benefits provided to him without protest by Plaintiff and/or any such acceptance on the part of the individuals he seeks to represent.

## SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (Penalties Bar)

To the extent the Complaint seeks any type of penalties, it is unconstitutional in that, among other things, the statutory bases therefore are void for vagueness, it violates the Equal Protection

Clause, it violates the Due Process Clause, it is an undue burden on interstate commerce and/or it violates the Excessive Fines Clause of the Eighth Amendment, and the Constitution of the State of California.

### SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Good Faith)

Defendant at all times acted in good faith in conformity with and in reliance on written administrative regulations, orders, rulings, approvals, and/or interpretations of government agencies and/or the administrative practices or enforcement policies of government agencies based on all relevant facts and circumstances known to it, and in good faith exercise of its professional judgment, with the honest, reasonable belief that such actions and conduct were warranted by the facts and circumstances known to it at the time and in compliance with applicable law.

### EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Offset)

To the extent that Plaintiff or any of the individuals he seeks to represent are entitled to damages or penalties (which is expressly denied), Defendant is entitled to an offset against any recovery obtained by Plaintiff and/or the individuals he seeks to represent for any monies recovered by and/or received by them from any source in compensation for any alleged economic or non-economic damages under the common law doctrine of offset, including, without limitation, any overpayments made to Plaintiff or the individuals he seeks to represent during their employment with Defendant, any unemployment benefits paid to Plaintiff or any putative class member, and any wages and/or other monies and/or benefits Plaintiff has received or will receive so as to prevent unjust enrichment of Plaintiff.

### NINTH AFFIRMATIVE OR OTHER DEFENSE

(Setoff)

Defendant is entitled to a setoff for amounts Plaintiff and the individuals he seeks to represent owe it for damages and/or other legal or equitable remedies (including, without limitation, rescission) based on and/or resulting from their wrongful conduct against Defendant, including, without limitation, breaching and/or making misrepresentations in any agreements that they entered

into with Defendant, and/or their receipt of any wages and other benefits to which they were not entitled and/or did not earn due to mistake(s) of fact and/or law.

### TENTH AFFIRMATIVE OR OTHER DEFENSE

(Settlement Agreements and/or Releases)

Defendant is informed and believes and based thereon alleges that the Complaint and each and every purported claim alleged therein are barred by one or more settlement agreements and/or releases executed by and/or applicable to Plaintiff and/or the individuals he seeks to represent.

### ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Res Judicata and/or Collateral Estoppel)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, individually and on behalf of the individuals or others he seeks to represent, are barred by the doctrines of res judicata and/or collateral estoppel.

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE

(Accord and Satisfaction)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, individually and on behalf of the individuals he seeks to represent, are barred pursuant to an accord and satisfaction and/or to the extent that they, or any of them, have entered into or are otherwise bound by compromise, settlement, or release agreements covering those claims, which they have breached by bringing or participating in this action.

### THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Novation)

Defendant is informed and believes and based thereon alleges that Plaintiff and/or the individuals he seeks to represent has engaged in conduct and actions to constitute a novation concerning the obligations, conduct, or acts at issue in the Complaint, barring recovery from Defendant.

### FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

(No Willfulness)

Defendant did not willfully, knowingly, or intentionally fail to comply with any applicable

provision of law, but rather acted in good faith and had reasonable grounds for believing that it did not violate California law or any other applicable provision of law. Therefore, because Defendant's conduct was not willful, any recovery on the causes of action alleged in the Complaint is precluded, in whole or in part.

### FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Good Faith Dispute)

Although Defendant generally and specifically denies that it owes any amounts to Plaintiff or the individuals or others he seeks to represent, if it should be determined that any amounts are owed, Defendant is informed and believes and based thereon alleges that there has existed at all times relevant a good faith dispute as to whether and when the benefits or amounts claimed by Plaintiff in the Complaint were due to Plaintiff and/or the individuals that he seeks to represent.

### SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Full Compensation/Waiver)

Any recovery on Plaintiff's Complaint with respect to the allegations that Plaintiff and the individuals he seeks to represent have been deprived of wages and benefits by Defendant's alleged conduct is barred because Plaintiff and the individuals he seeks to represent were paid all compensation and benefits to which they were entitled and to which they voluntarily agreed and expected.

### SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE

(Full Performance, Satisfaction and/or Discharge)

Without admitting the existence of any duties or obligations as alleged in the Complaint, any such duties or obligations, implied or otherwise, which Plaintiff and the individuals he seeks to represent are owed by Defendant have been fully performed, satisfied, and/or discharged.

### EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE

(No Standing)

Plaintiff's Complaint and each and every purported cause of action alleged therein are barred, in whole or in part, because Plaintiff lacks standing and/or the individuals he seeks to represent lack standing because, among other things, they have not suffered any injury in fact, have

not lost money or property, and/or were never employed by Defendant.

### NINETEENTH AFFIRMATIVE OR OTHER DEFENSE

#### (Avoidable Consequences)

Plaintiff's Complaint, and each and every purported cause of action alleged therein are barred by the doctrine of avoidable consequences because Plaintiff and the putative class members he seeks to represent unreasonably failed to take advantage of the preventative or corrective opportunities and mechanisms provided and made available by Defendant or to otherwise avoid any harm or damages alleged in the Complaint.

### TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

#### (No Requisite Intent)

Defendant at all material times lacked the requisite willfulness, knowledge and/or intent to do any act or make any statement alleged in the Complaint, and thus, Plaintiff's causes of action predicated on such willfulness, knowledge or intent are barred as a matter of law, individually and on behalf of the individuals or others he purports to represent.

### TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

#### (Substantial Compliance)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, individually and on behalf of the individuals he seeks to represent, are barred because Defendant was only required to and did substantially comply with the laws applicable to Plaintiff's claims in this action.

### TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

#### (Justification/Privilege)

Plaintiff's Complaint, and each and every purported claim for relief alleged therein, individually or on behalf of the individuals or others he seeks to represent, are barred, in whole or in part, because Defendant's alleged actions were at all times privileged, undertaken in good faith and/or justified under applicable state and/or federal law, and for legitimate business reasons.

1

## TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

2

(*De Minimis*)

3    Plaintiff's Complaint, and each and every purported claim for relief alleged therein, whether

4  asserted individually or on behalf of the individuals he seeks to represent, are barred, in whole or

5  in part, because any losses are *de minimis* and cannot be recovered.

6

## TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

7

(Failure to Mitigate)

8    Defendant is informed and believes and based thereon alleges that Plaintiff and the putative

9  class members he seeks to represent have failed to exercise reasonable care and diligence to avoid

10  loss and mitigate their damages (if any were in fact suffered, which is expressly denied).  Plaintiff

11  is barred from recovering any damages that could have been prevented and/or lessened by

12  reasonable efforts on his part and, therefore, his recovery should be barred in whole or in part by

13  his failure to mitigate.  Defendant has not yet had a chance to conduct discovery and therefore avers

14  that this defense is likely to have evidentiary support after a reasonable opportunity for further

15  investigation and discovery.

16

## TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

17

(Unclean Hands)

18    Plaintiff's Complaint and each and every purported claim for relief alleged therein, whether

19  asserted individually or on behalf of the individuals he seeks to represent, are barred, in whole or

20  in part, by the doctrine of unclean hands.

21

## TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

22

(No Injury or Damages)

23    Plaintiff's Complaint and each and every purported claim for relief alleged therein, whether

24  asserted individually or on behalf of the individuals he seeks to represent, fail, in whole or in part,

25  because neither Plaintiff nor the putative class member he seeks to represent have suffered any

26  injury or damages as a result of the conduct alleged in the Complaint.

27

28

## TWENTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Unjust, Arbitrary and/or Confiscatory)

Plaintiff and the putative class members he seeks to represent are not entitled to the recovery he seeks because it would be unjust, arbitrary, oppressive, and/or confiscatory.

## TWENTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to State a Claim for Attorneys' Fees)

Plaintiff's Complaint fails to state a claim for attorneys' fees against Defendant.

## TWENTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

### (Meal Periods Provided)

Plaintiff's Complaint and each and every purported claim for relief alleged therein, whether asserted individually or on behalf of the individuals he seeks to represent, are barred, in whole or in part, because Plaintiff and the putative class members he seeks to represent were provided with all meal periods as required by applicable laws, including without limitation Labor Code § 512(a) and the applicable IWC Wage Order.

## THIRTIETH AFFIRMATIVE OR OTHER DEFENSE

### (Rest Periods Authorized and Permitted)

Plaintiff's Complaint and each and every purported claim for relief alleged therein, whether asserted individually or on behalf of the individuals he seeks to represent, fail, in whole or in part, because Plaintiff and the putative class members he seeks to represent were authorized and permitted to take all rest periods as required by applicable law, including without limitation the applicable IWC Wage Order.

## THIRTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

### (Waiver of Meal Periods and/or Rest Periods)

Plaintiff's Complaint, and each and every purported claim for relief alleged therein, whether asserted individually or on behalf of the individuals he seeks to represent, fail, in whole or in part, because to the extent that they did not take any meal periods provided to them and/or rest periods that they were authorized and permitted to take, Plaintiff and the putative class members he seeks to represent voluntarily waived their right to or otherwise elected to forego such meal and/or rest

periods for reasons unrelated to Defendant, and are not entitled to compensation under Labor Code § 226.7 or otherwise. *See Brinker Restaurant Corp. v. Sup. Ct.*, 53 Cal. 4th 1040 (2012).

### THIRTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

(Expenses Not Necessarily Incurred)

Plaintiff's Complaint, and each and every purported claim for relief alleged therein, whether asserted individually or on behalf of the individuals he seeks to represent, are barred, in whole or in part, because all or some of the expenses allegedly incurred by Plaintiff and the putative class members he seeks to represent were not necessarily incurred and/or are not reasonable.

### THIRTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

(Expenses Otherwise Incurred)

Plaintiff's Complaint, and each and every purported claim for relief alleged therein, whether asserted individually or on behalf of the individuals he seeks to represent, are barred, in whole or in part, because all or some of the expenses allegedly incurred by Plaintiff and the putative class members he seeks to represent would have been otherwise incurred regardless of their alleged employment by Defendant.

### THIRTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

(Arbitration Agreements)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, cannot be maintained as an action for individual recovery in this Court to the extent Plaintiff is required to individually submit his claims to mandatory final and binding individual arbitration pursuant to an arbitration agreement covering his purported claims, and the individuals Plaintiff seeks to represent are likewise required to individually submit the claims alleged herein to mandatory final and binding individual arbitration pursuant to their own arbitration agreements.

### THIRTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

(Repudiation of Arbitration Remedies)

Plaintiff's Complaint, and each and every purported cause of action alleged therein brought on any type of class action or representative action basis cannot be maintained as a class action or representative action, and/or as an action for individual recovery in this Court, to the extent Plaintiff

and/or the individuals he seeks to represent, or some of them, have failed and/or fail to pursue and/or repudiate their arbitration remedies by commencing and/or participating in this action.

### THIRTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

(Compliant Wage Statements)

Plaintiff's Complaint and each and every purported claim for relief alleged therein, individually or on behalf of the individuals he seeks to represent, is barred because the wage statements complied with the requirements under Labor Code § 226(a).

### THIRTY-SEVENTH AFFIRMATIVE OR OTHER DEFENSE

(Waiver Based on Failure of Demand Payment)

Plaintiff's Complaint and each and every purported cause of action alleged therein, individually and on behalf of the individuals he seeks to represent, is barred by the doctrines of waiver, ratification, acquiescence, consent and/or agreement based on their acceptance of wages paid to them throughout their employment without protest.

### THIRTY-EIGHTH AFFIRMATIVE OR OTHER DEFENSE

(Wages Properly Paid)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, fails insofar as Defendant properly paid Plaintiff and the proposed members of the putative class he seeks to represent, for all hours worked, and all such wages were paid in accordance with the form and requirements of the California Labor Code.

### THIRTY-NINTH AFFIRMATIVE OR OTHER DEFENSE

(Wage Statements Properly Reflect Wages Actually Paid & Required Information)

Plaintiff's Complaint, and each and every purported cause of action alleged therein, individually or on behalf of the putative class members he seeks to represent, is barred, in whole or in part because a claim under and/or for a violation of Cal. Lab. Code § 226 arises only when an employer fails to accurately itemize wages that were actually paid to an employee during the corresponding pay period and/or the information required under Lab. Code § 226 cannot be determined from the face of the wage statement at issue. Further, to the extent not covered by the

foregoing, Plaintiff cannot establish the elements for a viable claim under or for an actual violation of Cal. Lab. Code § 226.

### FORTIETH AFFIRMATIVE OR OTHER DEFENSE

(No Prima Facie Showing of Certifiable Class/No Certifiable Class)

Plaintiff's Complaint, and each and every purported claim for relief alleged therein, to the extent brought as a putative class action on behalf of the putative class members he seeks to represent, fail as a matter of law because the Complaint and Plaintiff fail to make a prima facie showing of any certifiable class – and no class can be certified – pursuant to Code of Civ. Proc. § 382 or any other law.

### RESERVATION OF RIGHTS

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

WHEREFORE, Defendant hereby prays for judgment in its favor as follows:

1. That Plaintiff and the others he seeks to represent take nothing by way of this action;

2. That Plaintiff's action be dismissed in its entirety with prejudice;

3. That Plaintiff and the others he seeks to represent be denied each and every demand and prayer for relief in this action;

4. For costs of suit incurred herein, including reasonable attorneys' fees pursuant to applicable law; and

5. For such other and further relief as the Court deems just and proper.

DATED: October 5, 2022                    MCGUIREWOODS LLP

By: _____
        Sabrina A. Beldner
        Andrew W. Russell
        Natalie M. Lagunas
        Sarah Y. Oh

        Attorneys for Defendant
        PERFORMANCE FOOD GROUP, INC.

1

## **PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3
   I am employed in the County of Los Angeles, State of California.  I am over the age of
eighteen years and not a party to the within action; my business address is 1800 Century Park
4  East, 7th Floor, Los Angeles, CA 90067.

5
   On October 5, 2022, I served the following document(s) described as **DEFENDANT'S
ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** on the interested parties in this
6  action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

7  | Jean-Claude Lapuyade | Shani O. Zakay |
   |---|---|
8  | Sydney Castillo Johnson | Jackland K. Hom |
   | JCL LAW FIRM, APC | Julieann Alvarado |
   | 5440 Morehouse Drive, Suite 3600 | ZAKAY LAW GROUP, APLC |
9  | San Diego, CA 92121 | 5440 Morehouse Drive, Suite 5400 |
   | jlapuyade@jcl-lawfirm.com | San Diego, CA 92121 |
10 | scastillo@jcl-lawfirm.com | shani@zakaylaw.com |
   | | jackland@zakaylaw.com |
11 | Attorneys for Marcos Rodriguez | julieann@zakaylaw.com |

12
☒  **BY MAIL:**  I am "readily familiar" with the firm's practice of collection and processing
   correspondence for mailing with the United States Postal Service.  Under that practice, it
13 would be deposited with the United States Postal Service that same day in the ordinary
   course of business.  Such envelope(s) were placed for collection and mailing with postage
14 thereon fully prepaid at Los Angeles, CA, on that same day following ordinary business
   practices.  (C.C.P. § 1013 (a) and 1013a(3))

15

16
☐  **BY ELECTRONIC DELIVERY:** I caused said document(s) to be transmitted
   electronically to the above addressees. (C.C.P. § 1010.6)

17
☐  **BY OVERNIGHT DELIVERY:**  I deposited such document(s) in a box or other facility
18 regularly maintained by the overnight service carrier, or delivered such document(s) to a
   courier or driver authorized by the overnight service carrier to receive documents, in an
19 envelope or package designated by the overnight service carrier with delivery fees paid or
   provided for, addressed to the person(s) served hereunder.  (C.C.P. § 1013(d)(e))

20
☐  **BY PERSONAL SERVICE:**  I caused such envelope(s) to be delivered the addressee(s).
   (C.C.P. § 1011)
21

22
   I declare under penalty of perjury under the laws of the State of California that the
   foregoing is true and correct.

23
   Executed on October 5, 2022, at Los Angeles, CA.

24
   _____
25             Matthew Whitney

26

27

28

164986674.4                              12
DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED CLASS ACTION COMPLAINT FOR DAMAGES